# Fink *against* Hake.

The debt of a husband during coverture, cannot be set off after divorce, against the distributive share of the wife in her father's estate, although the decree of divorce was subsequent to the death of the intestate.

ERROR to the common pleas of *York* county.

Eve Fink against Frederick and Jacob Hake, administrators of Andrew Hake. This action was brought to recover the distributive share of the plaintiff, in her father Andrew Hake's estate.

The plaintiff was one of nine children of Andrew Hake deceased, and, during the lifetime of her father, she was the wife of Sebastian Fink. Andrew Hake, the intestate, died in 1832; during

his lifetime, Sebastian Fink executed a bond to him for the payment of 2500 dollars, which was still due at his death. When the bond was executed, Sebastian Fink was insolvent, and is still so. After the death of Andrew Hake the intestate, Sebastian Fink and his wife were divorced from the bonds of matrimony. The question was, whether the bond of Sebastian Fink could be set off by Hake's administrators, against the plaintiff's distributive share of her father's estate.

The court below (Franklin, president) was of opinion that the set-off was allowable, and that the plaintiff was, therefore, not entitled to recover.

*Hambly*, for plaintiff in error, cited *Jacob's Law Dic.* 275, *tit. Baron & Feme;* 1 *Chan. Ca.* 27; 2 *Serg. & Rawle* 492; 4 *Rawle* 177; 9 *Ves.* 87; *Rev. Dom. Rel.* 5; 1 *Rawle* 279; *Act of 29th March* 1832, *sec.* 8.

*Lewis*, for defendant in error, cited 1 *Binn.* 358.

The opinion of the Court was delivered by

KENNEDY, J.—The principles laid down in Lodge *v.* Hamilton, 2 *Serg. & Rawle* 492, and Wintercost *v.* Smith, 4 *Rawle* 177, would seem to decide this case in favour of the plaintiff. That a distributive share of a deceased intestate's personal estate, coming to a wife as the next, or one of the next of kin to the deceased, is a mere chose in action cannot be doubted. The cases just mentioned and the authorities therein referred to, show it to be so. In the latter of these cases, it was held, that a legacy bequeathed to a *feme covert*, who after the death of the testator, and before payment of the legacy, was divorced *a vinculo matrimonii*, was entitled to recover it from the executor. It is also shown, I think, by the authorities cited there, that a distributive share of an intestate's personal estate is to be regarded in the same light, and also as of the same character with a legacy. See Brown *v.* Shore, 1 *Show.* 26. And inPheasant *v.* Pheasant, 1 *Chan. Ca.* 181, *S. C.* 2 *Ventr.* 301, it was adjudged that a portion due to an orphan, in the hands of the chamberlain of London, belonged to the orphan upon the death of her husband. Here, Sebastian Fink, the debtor to the intestate's estate, never could have laid claim to the distributive share in question, except in right of the plaintiff while she was his wife; or under the authority that he derived from being her husband. And it may be, that if he had done so during the continuance of the marriage, the administrators might have defeated his recovery of it, by setting off the debt owing by him to their intestate's estate: but it was only competent for the administrators to do this, in case he, as the husband of the plaintiff, had come to assert his right to the recovery thereof in this way. This, however, he never did: and all right or authority on his part

[Fink v. Hake.]

to do so now, having gone by the dissolution of the matrimonial bonds, the plaintiff has become entitled to demand and receive the money in question, in the same manner as if she had never been married. The judgment of the court below must, therefore, be reversed, and judgment be rendered on the special verdict for the plaintiff.

Judgment reversed, and judgment for plaintiff.