## FLORY v. BECKER.

Wife's distributive share survives on death of her husband, and if not reduced into possession, his debt cannot be set off.

Allowance of a credit for payment of a debt of a husband of distributee in the settlement of an administration account does not affect the right of the wife surviving her husband.

*May* 20.—The question here was as to the right of administrators to set off a debt due by the husband against the wife's distributive share. The plaintiff brought a sci. fa. on an account settled by the administrators of her father's estate in 1825, showing a balance due by them. This was composed of the proceeds of real estate sold for payment of debts. The husband of plaintiff was at that time insolvent, and died in 1833. On the trial, defendants proved under objection by plaintiff, that on the settlement of their account they claimed and received a credit for $319 paid by them for John Flory, the plaintiff's husband. The evidence of this debt was a joint note of the intestate and John Flory, which was paid by the defendants, and an assignment taken. In answer to plaintiff's points, the court instructed the jury, 1. The debt must have been John Flory's, to entitle defendants to a credit.   2. If so, it was a good defence pro tanto.

*Ramsey*, for plaintiff in error.—The marital rights of the husband, in relation to his wife's choses in action, is a right which he may exercise or not, at his pleasure.   If he do not think proper to exercise this right over the distributive share of his wife out of her intestate father's estate, during coverture, by reducing it into possession or claiming it, his right to it ceases at his death, and he must be regarded as a stranger to her estate.   It belongs absolutely to the wife at his death, free and discharged of all debts due and owing by her deceased husband to her father's estate.   Lodge *v.* Hamilton, 2 Serg. & Rawle, 493 ; Fink *v.* Hake, 6 Watts, 131, 132 ; 3 Whart. 415.

*Barnitz*, for defendant in error.—This is an old transaction of twenty years' standing. The case is imperfectly brought up. Twenty years after the administrators, the defendants in error, of Michael Baymiller had settled their accounts, a transcript of the balance, which then appeared to be in their hands, after the payment of all debts, was taken and filed in the Court of Common Pleas, on which the sci. fa. issued. Flory was the son-in-law of Baymiller, and the husband of the plaintiff. Baymiller became his surety in a note to Imenheiser, dated 17th May, 1817. In 1825, Flory was insolvent. The administrators of Baymiller were called upon to pay this note, and paid it, taking an assignment of the note from Imenheiser. The money due on the note was a debt of the intestate, and they were bound to pay it. The administrators, therefore, had a right, and very properly made the note a set-off to the sci. fa. on the transcript for the share of the plaintiff, out of the balance in the hands of the administrators, in 1825. He cited Yohe *v.* Barnitz, 1 Binn. 358; Lahman's Appeal, 3 Watts & Serg. 350; Mansfield's estate, 5 Watts & Serg. 340.

*May* 25. ROGERS, J.—The intestate, Michael Baymiller, was surety for John Flory, the husband of Catharine Flory, in a note to Jacob Imenheiser, and on payment of the debt by the administrator, Flory became indebted to the estate to the amount paid. If, therefore, Flory had brought suit to recover his wife's distributive share, the administrators would, according to the case of Yohe *v.* Barnitz, 1 Binn. 364, have had a defence; for Flory would not be entitled to recover, except on the terms of paying the debt to the estate, particularly when he was insolvent. Whenever a husband seeks the aid of the court he will be compelled to do justice, by allowing the set-off. But until he reduces his claim into possession, the right of survivorship exists, and on his death she takes them discharged from his debts. Marriage is only a qualified gift to the husband, of his wife's choses in action, viz. upon condition that he reduce them into possession during its continuance; for if he happens to die before his wife, without having reduced such property into possession, she, and not his personal representatives will be entitled to it. Co. Lit. 351; Roper, Husband and Wife, 204. On his death, her right is the same as dum sola. The husband may, but he is not bound to reduce his wife's choses into possession, and even in a suit against her he cannot be compelled to make the set-off.

This case is not distinguishable from Fink *v.* Hake, 6 Watts, 131. In that case the principle is recognised that a wife's distributive share is a chose in action. It is also expressly ruled, that the debt of a husband, during coverture, cannot be set off after divorce, against the dis-

tributive share of the wife in her father's estate, although the decree of divorce was subsequent to the death of the intestate.   No difference is perceived in principle, whether the  marriage is destroyed by death, or by the sentence of the law.

Did, then, the husband reduce his wife's distributive share into possession during the continuance of the marriage ?   This is not pretended, and consequently she is entitled to a distributive share of her father's estate, unaffected by the debts of her husband.

In 1825, on settlement of the accounts, as administrators, the defendant obtained a credit of $319 39, paid by them on this account.   But this cannot alter the right of survivorship, for the money being paid on a note, which was a debt against the intestate, the administrators were entitled to a credit for money paid, for it necessarily forms part of the administration account.   It is the common case of  the loss of a debt due the estate, and must be borne equally by all the heirs, although one happens to be the wife of the insolvent debtor.   The settlement referred to was nothing more than an ordinary administration account, and cannot justify the act of the administrators in attempting to exclude the wife, who survived her husband, from her distributive share.   The decree of the Orphans' Court merely affirms the administration account. There is no decree of that court distributing the estate among the heirs, to the exclusion of the plaintiff.   Had the Orphans' Court, on notice, decreed that the debt of the insolvent husband should be deducted from the wife's share, as it would seem from the case of Yohe and Barnitz they would have power to do, it would present a different question.   But this has not been done, and the plaintiff's claim stands on the principle of survivorship, unaffected by the action of the husband, or the decree of the court.   The distribution of the estate was the act of the administrators, without the intervention of the Orphans' Court, and as they have misapplied the assets, they are personally answerable.

Judgment reversed, and a venire de novo awarded.