Lee *v.* Evans.

## LEE *v.* EVANS.

Where the plaintiff filed a bill in equity, setting forth that he held a deed of land, absolute on its face, from the defendant, but averring that it was in fact a mortgage, made to secure a loan payable in six months, with interest: *Held,* that he could not introduce parol evidence to prove that the deed was only intended as a mortgage.

Except in cases of fraud or mistake, it is no more competent to prove by parol that a conditional deed was intended as a mortgage, than that a mortgage was intended as a conditional deed.

Where the answer, while averring that the deed was a conditional deed, admits that the money was *received* by defendant, on the understanding that if the money was repaid in six months, with interest, plaintiff was to re-convey, and does not specifically deny that the money was *loaned : Held,* that it virtually admitted the loan.

The allegation in the answer that unless the money was returned, the property should remain in the plaintiff, does not change the nature of the contract. This is the usual form of a mortgage.

If a mortgage at the beginning, the instrument always remains a mortgage.

The intent of the statute is fully carried out by excluding parol testimony; but where parties admit the real facts of the transaction in their pleadings, those admissions are to be taken as modifications of the instrument.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

The plaintiff alleges in his complaint, that he loaned the defendant the sum of five thousand dollars, for the period of six months, at the monthly interest of three per cent. That to secure the payment, he took from the defendant at the same time, a deed for certain premises in fee-simple. That the deed, though absolute on its face, was intended as a mortgage, and then prays the Court for judgment, and for a sale of the premises. The defendant, in his answer, admits that he received the money from plaintiff, and made the deed, but insists that it "was in fact to operate as a conditional sale;" and "that if the said sum of money, with three per cent. interest per month, should be paid back, or refunded to the plaintiff, at the expiration of the six months, the property was to be re-conveyed to the defendant." On the trial in the Court below, only one witness was exam-

✗ *Overruled, 13 Cal 125.*

ined, whose testimony went clearly to sustain the allegations of the complaint.

Judgment was given for defendant, and plaintiff appealed.

*Field* for Appellant.

The determination of this case involves a consideration of the admissibility of parol evidence in equity, to show that a deed absolute on its face was intended by the parties as a mortgage. That such evidence is admissible in cases of fraud, accident, or mistake, seems settled by the uniform decisions of the English and American Courts. Mistake, accident, and fraud, are special grounds of equity jurisdiction, and may be proved in all cases of written instruments. A Court of Equity, acting upon well-settled rules, would interfere where one of these circumstances exists. But whether parol evidence is admissible in the absence of any of those circumstances, there is some conflict in the authorities, although the weight of authorities is, I think, in favor of its admissibility. 4 Kent, 143; Mr. Justice Story in Taylor *v.* Luther, 2 Sumner Rep., 233; the same language is used by Mr. Story in Jennings *v.* Eldredge, 3 Story Rep., 293; in Clark *v.* Henry, 2 Cowen, 332; Whittick *v.* Kane, 1 Paige Ch. Reps., 206; Van Buren *v.* Olmstead, 5 Paige Ch. Rep., 10.

In Lane *v.* Shears, 1 Wendell Rep., 437, which was not a case in equity, Justice Sunderland uses this language:

"A conveyance of property absolute in terms, if intended by the parties to be a security for debt, is a mortgage, and such intentions may be manifested, either by a written defeasance, executed simultaneously with the deed, or by the acts or parol declarations of the parties." Hodges *v.* The Tennessee Marine and Fire Insurance Company, 4 Selden Rep., 419; Kunkle *v.* Wolfersberger, 6 Watts Penn. Rep., 127; see, also, Wright *v.* Bates, 13 Vermont, 348; Bentley *v.* Phelps, 2 Woodbury & Minot, 426.

The absence of any bond, note, or covenant, to pay the money, does not make the deed less effectual as a mortgage. 4 Kent, 145; Floyer *v.* Lavington, 1 P. Wms., 268; Cope *v.* Cope, 2 Salk., 449; Ancastor *v.* Mayer, 1 Bro. Ch. Ca., 464; Smith *v.* People's Bank, 11 Shepley's Maine Rep., 195; Brown *v.* Dewey, 1 Sanford Ch. Rep., 56; Miami Exporting Co. *v.* Bank of U. S. et. al., Wright's Rep., 252; Bank, etc. *v.* Sprigg, 1 McLean, 183.

The fraud mentioned in some of the cases, as one of the circumstances determining a Court of Equity to admit parol evidence, will be found, upon examination, to consist in a denial by the grantee of the fact, that such deed was intended as a mortgage, and in attempts to use and dispose of the property as his own, and not in any false representations made, or deceit practised at the time of the execution of the instrument. Thus, in Strong *v.* Stewart, 4 Johnson's Chancery, 168, the fraud alleged,

consisted in the attempt of the defendant to convert the loan into a sale. And in Vermont, in cases of this kind, the Courts proceed upon the ground, that an attempt to set up such an instrument as an absolute conveyance, is a fraudulent use of it, and therefore a proper ground upon which a Court of Equity will act. Wright v. Bates, 13 Vermont, 849. And Judge Story very justly observes in Taylor v. Luther, 2 Sumner, 238, quoted above, " It is the same if it (the defeasance,) be omitted by design, upon mutual confidence between the parties, for the violation of such an agreement would be a fraud of the most flagrant kind, originating in an open breach of trust against conscience and justice."

Now, in the case at bar, had Lee, the grantee, attempted to treat the instrument as an absolute conveyance, Evans, the grantor, could have filed a bill to redeem, and upon the facts established in this case, would have been entitled to a decree. If Evans, the grantor, could thus have treated this instrument as a mortgage, there is no reason why Lee, the grantee, should not also treat it as a mortgage. When the instrument has been once established as a mortgage, all the incidents of a mortgage follow.

In Jaques v. Weeks, 7 Watts, 268, Justice Sergeant remarks, " when it is once ascertained that the conveyance is to be considered and treated as a mortgage, then all the consequences appertaining in equity to a mortgage, are strictly observed, and the right of redemption is regarded as an inseparable incident."

In my argument, thus far, I have not referred to the answer. The complaint is verified, and its allegations, not specifically contested, are to be deemed admitted. Practice Act, § 65—its allegations as to the loan, its amount, its rate of interest, the period for which made, and the simultaneous execution of the deed as security for the same, are not specifically controverted. They must therefore be taken as true. The partial admission in the answer does not supply the want of the specific denial. But without invoking the aid of the statute, as to the effect of the allegations of the complaint as evidence for want of denial, the partial admissions of the answer are conclusive.

The very condition here stated, attached to an absolute conveyance, would constitute the instrument a mortgage beyond all question. It is almost in the language of the ordinary defeasances contained in the instruments, which are termed " mortgage-deeds," and which constitute the ordinary form of mortgage in use. This defeasance being established by parol, or what is better, being admitted in the answer under the oath of the defendant, renders the instrument a mortgage—so to be treated in equity.

*Bryan & Filkins* for Respondents.

In sustaining his application, the appellant does not charge fraud nor does he allege any accident or mistake to have occurred in giving him the largest title he could ask for, it being a *fee-simple* title.

We desire him to hold under his deed, and hold the land. The face of the instrument then, being against him, he seeks to make his deed absolute—a mortgage—by introducing parol evidence of the contract between the parties.

1. Parol evidence is not admissible in a Court of Equity to vary written instruments except in cases of fraud, accident, or mistake. 1 Johns. Ch., 429; 1 Hill, 606; 6 Hill, 219; 1 Greenl. Ev., §§ 275, 276, 277, 278; 1 Phillips' Ev., 548, 566; 2 Starkie's Ev., 544, 577; 2 Story's Eq., §§ 15, 31.

So, accepting a deed from a grantor acts as an estoppel. Murphy *v.* Barrett, 1 Law R., 106.

Recitals in a deed, bind all parties to the deed. 5 Hammond, 194; 7 Hammond, 227.

It is well settled that a party cannot dispute his own title or impeach his own deed in a Court of Equity. Harrington's Ch. Rep., 414.

So, also, parties and their prives are estopped by their deeds, as a party is estopped after the acceptance of a deed, from denying title to himself. 5 Hammond, 194; 6 Hammond, 87; 7 Hammond, 227; 1 Greenleaf's Ev., §§ 22, 23, 24 and 211.

It is undoubtedly law, and none will question it, that the grantor in a deed can question and explain the same for the purpose of making it a mortgage, where he charges fraud, accident, or mistake, in the procuring of the instrument.

But a grantee, as in this case, cannot, in any event, diminish the dignity of his own title by pretending that his deed absolute is a mortgage, against the remonstrance of the grantor, and especially when this is sought to be done by parol proof, without any charge of fraud, accident, or mistake.

Counsel for appellant first cites 4 Kent, 143, with quotation, to support the position that a deed can be proven by parol evidence to be a mortgage, but the end of his quotation shows the very rule for which we contend, for the author there says: "for parol evidence is admissible in equity to show that an absolute deed was intended as a mortgage, and that the defeasance has been omitted or destroyed by fraud, surprise or mistake."

The second case upon plaintiff's brief, the case of Taylor *v.* Luther, 2 Sumner's R., 233, is a case of most palpable fraud, and the same, it clearly appears from the case, was charged in the bill.

So, in Jennings *v.* Eldredge, 3 Story's R., 293; and in the fourth case cited from 2 Cowen, 332, of Clark *v.* Henry.

Whitlock *v.* Kane, is a case where those claiming through the

grantor of a deed absolute upon its face, try to show it a mortgage.

The bill alleges ignorance, on the part of the grantors, of the contents of the instrument.

So, fraud is alleged in Van Buren v. Olmstead, 5 Paige, 10.

Lane v. Shears, 1 Wendell, is another such case and is referred to in appellant's brief, and the case of Hodges v. The Tennessee Marine and Fire Insurance Company, also cited, has nothing in it but an allusion to the other cases, heretofore cited in appellant's brief, giving the same rule.

But nowhere do we find such a case, except there be mistake charged in the instrument, or surprise, or fraud of some character, either actual or constructive, and nowhere does a grantee attempt to make his fee-simple a mortgage.

In Kunkle v. Wolfsberger, Judge Gibson says: " A formal conveyance can certainly be shown, by extrinsic proof, to be a mortgage," and that is all he says in the above case which could bear upon this.

This we have already conceded, where a grantor seeks to explain the instrument he executed, as is the case decided by Judge Gibson, upon the ground of fraud, mistake, or surprise.

The same rule is stated in Miami Exporting Co. v. The Bank of the United States, Wright's Rep., 252.

Hughes v. Edwards, 9 Wheaton. The remarks of the Court in that case are mere *dicta*.

The point was not made in the case by appellant's counsel, and was not before the Court. The case upon which the Court are commenting, in Wheaton, was a case where the grantor, as heretofore, in all of the cases cited, is proven to have given his deed absolute, when the same was intended as a mortgage.

The language of the opinion is loose, and is not borne out by any case, either in England or the United States.

In Stevens v. Cooper, 1 Johns. Ch., 429, Chancellor Kent uses the following language :

" The general rule is certainly not to be questioned or disturbed. It ought not to be a subject of discussion. It is well grounded in reason and policy, as it is in authority." See Webb v. Rice, 1 Hill, 608 ; 6 Hill, 219.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

There are two questions arising upon the record in this case :

1. Whether the *grantee* in a deed, absolute upon its face, can be permitted to show, by parol proof, that it was only intended as a mortgage, without alleging and proving fraud, accident, or mistake, in the creation of the instrument?

2. If not, whether the answer substantially admits the allegations of the complaint, so as to dispense with proof?

We have been referred to a number of authorities, by the counsel on both sides. The points raised have not been heretofore decided by this Court. The importance of the principles involved will justify us in reviewing most of the authorities cited.

Chancellor Kent (4 Kent, 143) says : " Parol evidence is admissible in equity, to show that an absolute deed was intended as a mortgage, and that the defeasance had been omitted or destroyed by fraud, surprise, or mistake." In the case of Taylor *v.* Luther, 2 Sum., 233, Mr. Justice Story says : " It is the same, if it be omitted by design, upon mutual confidence' between the parties ; for the violation of such an agreement would be a fraud of the most flagrant kind, originating in an open breach of trust, against conscience and justice." This was a bill in equity to redeem, in which there was no fraud, accident, or mistake, in the creation of the deed, and the relief prayed for was granted. In the subsequent case of Jenkins *v.* Eldridge, 3 Story's R., 293, the same learned Judge, after quoting the passage from 4 Kent, 143, says : " In the case of Taylor *v.* Luther, I had occasion to carry the doctrine one step further, and to say that it is the same, if it be omitted by design, upon mutual confidence between the parties." He then refers to the case of Morris *v.* Nixon, 1 Howard's R., 118, as fully sustaining his decision. The opinion in the case in Howard seems certainly to sustain the view of Mr. Justice Story, although a part of the proof in that case was a a letter written. by the grantee, about the time the deed was made.

In the case of Clark *v.* Henry, 2 Cowen, 324, there was mistake, and the case is not in point. So, in the case of Whittick *v.* Kane, 1 Paige, 202. In the case of Van Buren *v.* Olmstead, 5 ib., 10, the bill was filed by a creditor of the grantor, alleging a fraudulent conveyance of the land, by deed absolute upon its face, but only intended as a security. The Chancellor (Walworth) found there was no fraud proven, but held that it was competent for the creditor to show, by parol proof, that the deed was only intended as a mortgage.

In the case of Webb *v.* Rice, 1 Hill, 606, it was held, that in ejectment, by the grantee of a deed absolute on its face, and recorded as such, against persons claiming by deed subsequent, from the same source, the plaintiff's recovery might be defeated by oral evidence, that his deed was intended as a mortgage. Nelson, C. J., and Cowen, J., considered the case as within the prior decisions of the Supreme Court of New York, while Mr. Justice Bronson delivered an able dissenting opinion, in which he states that he was " the more encouraged to do so, in finding that his brethren agreed with him in principle, whatever they might think on the score of authority." The same learned Jurist expressed the decided opinion that such evidence was inadmissi-

ble, both at law and in equity. The case was taken, by appeal, to the Court of Errors, where the judgment was reversed, and where it was held that such evidence was not admissible in a Court of Law.

But the doctrine of this case seems to have been overruled, in the late case of Hodges *v.* Tennessee Marine and Fire Insurance Company, 4 Sel., 416.

This was simply an action upon a policy of insurance; Slamm was the owner of a hotel, which he insured, and on the same day conveyed the property by deed, absolute upon its face, to the plaintiff. Four days afterwards, Slamm assigned the policy to plaintiff, with the assent of the company, " as collateral security." The property insured, was afterwards destroyed by fire. The company insisted, that at the time of the assignment of the policy, Slamm had no insurable interest in the premises, having previously conveyed them to plaintiff, and thus ended the policy. The only answer to this objection was, that the deed was only intended as a mortgage. The question decided—by five judges against three—was, that in such an action, it was competent for the plaintiff to show by parol evidence, that the deed was only intended as a mortgage.

In the case of Kunkle *v.* Wolfersberger, 6 Watts, 130, Chief Justice Gibson held, that " a formal conveyance might certainly be shown to be a mortgage by extrinsic proof." The same doctrine is held by the Supreme Court of Vermont, in the case of Wright *v.* Bates & Niles, 13 Ver., 341. The case of Bently *v.* Phelps, 2 Woodbury & Minot, 426, is not in point, as there was a written defeasance proved in the case. In the case of Miami Ex. Co. *v.* Bank U. S., Wright's Ohio Rep., 252, the Supreme Court of Ohio held, that " whether a conveyance be a mortgage or not, is determined by its object. *If given as a security, it is a mortgage, whatever may be its form.* This is so, whether the condition of defeasance form a part of the deed, or is evidenced by other writing, or exists in parol. *The fact* of its being given *as security*, determines its character, *not the evidence*, by which the fact is established." The same doctrine is held by Mr. Justice McLean, McLean's Rep., 183. So, also, in the case of Hughes *v.* Edwards, 9 Wheaton, 495.

The doctrine so clearly stated, in the extract given from the opinion of the Supreme Court of Ohio, delivered by Mr. Justice Wright, seems to be sustained by the decisions of Vermont, Pennsylvania, Ohio, and those of the Supreme Court of the United States, as well as by the separate opinions of Justices Story and McLean. It must also be conceded, that the greater number of the New York decisions are to the same effect.

But with the utmost deference for authorities so high, I must confess I could never see the reason upon which these decisions rest. The language of the statute is exceedingly clear and ex-

plicit. "No estate or interest in lands, other than leases, for a term not exceeding one year, nor any trust or power, over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed, or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing." § 6. The language of the statute is not only clear, but *negative,* and, therefore, *restrictive,* and not *directory;* and the act itself points out the *exceptions* to the rule therein laid down. And when a statute is not only *negative* and *restrictive,* but, in addition to these, *assumes itself* to point out certain exceptions, can a Court, by any recognized rule of construction, go further, and say the law-giver forgot exceptions he intended to, but did not specify? Is it not, in essence, a *legislative act?* Are we not saying, the law should have been so made, but was not?

The question is one solely relating to evidence. What shall be competent evidence to prove certain facts? The statute says, *none but written* testimony will do, and the Courts say *oral* testimony is sufficient. Is not this a plain contradiction of the statute?

The general rule, that parol shall not be received to contradict written evidence, is founded in true policy, and in good sense. Why should parties state, in solemn instruments, that which is not *true?* These instruments *assume* to state the truth, and the whole truth; and if parties will state that which is untrue, should they not justly suffer the consequences? Is not the rule, that parties must be held *to mean what they say,* the plain, honest, simple, and correct rule at last? It is intelligible, certain, and practical; and if always fairly carried out, will, in the end, be most useful. If not, the Legislature should correct it. Where *exceptions* are intended, they should be specified. And if the Legislature intended none, then the Courts should not create them.

Many of the learned Judges, who have sustained the doctrine that a deed, absolute upon its face, may be shown by parol proof, to be only intended as a mortgage, have endeavored to reconcile the rule with the statute.

Thus, Mr. Justice McLean says, in the case already referred to : "In cases of trust, equity will sometimes treat a deed, absolute upon its face, as a mortgage, but in doing this, parol proof is not heard in contradiction of the instrument, but in explanation of the transaction, to prevent a perpetration of a fraud by the mortgagee." Now, I confess, I cannot understand the force of this explanation. The rule that "treats a deed *absolute upon its face, as a mortgage,*" certainly contradicts the instrument. A

written instrument speaks for itself, and if you make it mean contrary to what it says, there must be a contradiction.

Nor can I understand how the parol evidence can be received, "in explanation of the transaction," without contradicting the instrument, for the reason, that the *instrument* and the *parol* testimony both *assume* to state *the transaction;* and as they *differ,* they must naturally be in contradiction. They *both* historically relate the *same* transaction, and the one says it was an *absolute* sale—the other, it was not such, but a mere *mortgage,* and is not this a plain contradiction? If A, gives his note to B, for five hundred dollars, and A seeks to prove, by parol evidence, that it was only intended as a note for three hundred dollars, is not this a contradiction? And if the instrument, (the very end and purpose of which is, to state the contract as it was,) says the sale was absolute, and the parol evidence says it was no sale but only a mortgage, there must be a clear conflict between the two classes of testimony.

And Chief Justice Gibson, in the case already referred to, says: "A formal conveyance may certainly be shown to be a mortgage by extrinsic proof, while a formal mortgage may not be shown to be a conditional sale by the same means. In the one case, the proof raises an equity consistent with the writing, and in the other would contradict it." But here, again, I must confess I cannot see the reason of the distinction. To say that a deed absolute is a mere mortgage, is no contradiction—while, to say a mortgage cannot be made a conditional sale, without a contradiction, is making a distinction without a difference. If two different witnesses should testify in relation to a transaction concerning personal property, and the one should say it was an absolute sale, and the other that it was only a pledge, I suppose there could be no doubt as to there being a contradiction in the evidence. And if we put in the place of one witness, an instrument in writing, it cannot be said that *this* circumstance would remove the contradiction in the testimony. The same conflict would still exist.

These attempted explanations only go to prove the *difficulties* of the rule allowing these exceptions, in certain cases, and refusing them in others, when the statute, has in terms, excluded them in both. The object of the statute was to make *written evidence* the *only* testimony to prove certain contracts. And if the Courts, contrary to the words of the statute, can change the rule in one case, they can in all, and every written contract might be contradicted by parol proof.

In the case of Stevens *v.* Cooper, 1 Johns. Ch. R., 429, Chancellor Kent says:

"The plaintiffs in the original suit seek to avail themselves of a parol agreement, alleged to have been made between the parties to the mortgage, at the time it was executed, by which

each lot was to be bound only for a ratable proportion of the mortgage-debt. The mortgage in this, as in ordinary cases, bound every part and parcel of the mortgaged premises, for the entire debt, and if such a parol agreement, as is charged, can be proved and set up, it goes to vary, essentially, the operation of the mortgage-deed."

The parol evidence was not admitted, and the learned Chancellor makes these forcible remarks :

" The general rule is certainly not to be questioned or disturbed. It ought not to be a subject of discussion. It is as well grounded in reason and policy as it is in authority. Nor does this case come within any exception, admitted here, to the operation of the rule ; for there is no allegation of fraud, mistake, or surprise, in making or executing the mortgage ; and those, I believe, are the only cases in which parol evidence is admissible in this Court, against a contract in writing."

In the case of Webb *v.* Rice, 1 Hill, 608, Mr. Justice Bronson, in his able dissenting opinion, remarks :

" Although I may yield to the opinion of others, I never shall be reconciled to the doctrine that an absolute deed can, at law, be turned into a mortgage by parol evidence, nor that it can be done in a Court of Equity, except on the ground of fraud or mistake. It is contrary to a first principle in the law of evidence to allow a deed, or other written instrument, to be contradicted by parol proof."

The learned Judge quotes a passage from the opinion of Mr. Justice Cowen, in the case of Swart *v.* Service, 21 Wend., 36 ; where the latter says :

" For one, I was always at a loss to see on what principle the doctrine could be rested, either at law or in equity, unless *fraud* or mistake was shown in obtaining an absolute deed, when it should have been a mortgage. In either case, the deed might be rectified in equity, and perhaps even at law, in this State, where mortgages stand on the same footing in both Courts. *Short of that,* (fraud or mistake,) *the evidence is a direct contradiction of the deed.*"

The general doctrine laid down by this Court, in the case of Abell *v.* Calderwood, 4 Cal. R., 90, would seem to support the view we have taken. The learned Judge who delivered the opinion of the Court, said :

" The agreement being void, by the Statute of Frauds, Courts of Equity heretofore have, notwithstanding the statute, granted the relief sought in certain cases, where the refusal of it might enable one party to commit a fraud upon the other. In their abhorrence of fraud, these Courts have, in a material degree, abrogated the letter, and spirit, and intention, of the written law. In the effort to escape from an evil, they have unavoidably fallen into another, and for many years past, the best judicial minds

of common law countries have conceded that the one they have fallen into is the greater evil of the two."

We think the strict rule the true one, and that in no case can parol evidence be introduced to vary or contradict the deed, except in cases of fraud, accident, or mistake, and then only upon a direct allegation of the defect in the creation of the instrument. In this case, the parties understood distinctly what was in the writing. They made it contain just what they intended *it should contain.*

Evans executed just such an instrument as he intended to execute, and no other. There was no mistake, fraud, or accident, in the creation of the instrument.

If the view we have taken be correct the plaintiff must rely solely upon the admissions in the answer. And this brings us to the second question.

The plaintiff alleges in his verified complaint that he *loaned* the defendant the money, and the defendant, in his sworn answer does not deny specifically, but admits he *received* the money, but insists the deed was to operate as a conditional sale, and if defendant repaid the money at the time when due, with the three per cent. per month interest, then the premises were to be reconveyed; if not, the title should remain perfect in plaintiff. As stated by defendant in his answer, did the transaction amount to a mortgage?

In a note to 4 Kent, 148, it is said that the test of the distinction between a conditional sale and a mortgage, is this : " if the relation of debtor and creditor remains, and a debt still subsists, it is a mortgage, but if the debt be extinguished by the agreement of the parties, or the money advanced is not by way of loan, and the grantor has the privilege of refunding, if he pleases, by a given time, and thereby entitle himself to a re-conveyance, it is a conditional sale."

In this case, the fact that the answer does not specifically deny that the money was *loaned,* but admits that interest was to be paid upon the amount, goes to show that it was a loan, and not a purchase. A conditional purchase puts the grantee into possession, and leaves him in the enjoyment of the rents and profits, with the privilege of re-purchase by the grantor, upon returning the purchase-money, or some specified amount. But when interest is to be paid, it is a very strong circumstance to prove that the transaction was a loan. The circumstance stated in the answer that unless the money should be returned, the property should remain that of the plaintiff's, does not change the nature of the contract. This is the usual form of a mortgage. 6 Watts, 131; 2 Cowen, 331, 332.

If a mortgage at the beginning, the instrument always remains a mortgage. Wright's Rep., 253, and authorities there cited.

If, then, Evans had filed his bill to redeem, and Lee had admitted all that Evans now admits, would a Court of Equity have granted him relief? And if a Court would relieve Evans under such circumstances, would not the same justice be meted out to Lee? We think it should be so. The grantee should be relieved as well as the grantor under the same state of case. 9 Wheaton, 495; 4 Selden, 416.

In the case from Selden, the grantee, Hodges, was allowed to show that the instrument was intended as a mortgage.

The object of the statute was to prevent perjury in reference to sales and mortgages of lands; and for that reason required the evidence of such transactions to be *in writing.* The intent of the statute is fully carried out by excluding parol testimony. But where parties admit the real facts of the transaction in their pleadings, those admissions are to be taken as a modification of the instrument. Story's E. J., 755. Even a defeasance to the deed may be executed subsequently, and will relate back to the principal deed. 4 Kent, 144.

For these reasons, the judgment of the Court below is reversed, and the Court will render a decree for the plaintiff.