| 10 | 189 |
| 83 | 222 |
| 84 | 565 |

## PERKINS v. THORNBURGH.

Where a motion for a nonsuit was improperly denied, and the defendant subsequently introduced testimony supplying the defect in the plaintiff's evidence : *Held*, that the defendant thereby cured the error.

When a statute assumes to specify the effects of a certain provision, Courts will presume that all the effects intended by the law-maker are stated.

A sheriff is not protected in the sale of personal property by the verdict of the jury on a trial of the right of property, under the provisions of section 218 of the Code.

The proceedings before the sheriff, in such a trial, are not judicial.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

The facts necessary to understand the points decided, appear in the opinion of the Court.

*Mesick and Swezy* for Appellant.

1. The Court erred in allowing the plaintiff to read a part of a sentence of the defendant's answer in evidence to the jury, without allowing the defendant the benefit of the whole sentence read from.   8 Johnson's Rep., 427 ; 9 John., 141 ; 10 John., 45, 365 ; 11 John., 161 ; 15 John., 229 ; 11 Mass. R., 10 ; 2 Hill N. Y. R., 441 ;  6 Barb. Sup. Ct. R., 456 ;  1 Mes. and Wilb., 168 ;  5 Taunton, 238, 245 ;  6 Shepley, 176 ;  Eq. Cases Abr., 10 ;  4 Com. Dig., 99, Title Ev. C. I. ;  2 Douglass, 788 ; 4 Carr. and Payne, 227, (19 Eng. Com. Law, 487 ;)  I Greenleaf Ev., § 202 ;  1 Phil. Ev., 341, (Am. Ed., 1849.)

2. The Court erred in refusing a new suit upon the defendant's motion :

*First*—Because there was no proof of the taking, without resorting to a part of a sentence of the defendant's answer.

*Second*—Because there was no proof that the goods, when taken, were in plaintiff's possession.

*Reardan, Mitchell and Smith*, for Respondent.

1. The Court did not err in allowing the plaintiff to read a part of defendant's answer in evidence to the jury.

Authorities cited by appellant upon this point have no applicability.

2. The motion for a nonsuit was properly denied.    There was other evidence beside the answer, showing that defendant took the property described in the complaint.

The property taken was in the actual possession of the plaintiff at the time the same was attached.

Appellant waived all objections to the ruling of the Court upon motion for a nonsuit, by the introduction of the witness Buckley, who testified that the defendant took the property. Smith v. Compton, 6 Cal. Rep., 24.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action to recover the value of certain personal property, seized and sold by the defendant, as sheriff, under an attachment and execution against one Carter. The plaintiff claimed the property before the sale ; a trial was had before a sheriff's jury, who found against Perkins; afterwards, the defendant sold the property and paid over the proceeds to the attaching-creditor.  In the Court below, the plaintiff had judgment, and the defendant appealed.

1. The first point made by the defendant is, that the District Court erred in permitting the plaintiff, against the objection of defendant's counsel, to read a part of a sentence from the answer of defendant.  The defendant, in his answer, sets up three separate defences : *first*, a simple denial of the allegations of the complaint; *second*, property in Carter, and levy under the attachment; *third*, trial before a sheriff's jury, and verdict against the claimant.

The portion read from defendant's answer was only so much as admitted the taking of the goods by the defendant, as the property of Carter, without reading the other portion of the same sentence, which alleged that they were the property of Carter.  It was clear that the reading in evidence of that portion of the answer which set up *new* affirmative matter, completely overthrew some of the denials contained in the first defence set up.  This point clearly involves the question whether, under the Code, a defendant can set up inconsistent defences ; and if he can not, whether the plaintiff who fails to make the proper motion, can afterwards treat them as inconsistent, and use the admissions in one portion of the answer to overcome the denials in another.  But it is unnecessary to decide these questions, as the fact of the taking was afterwards proven by the witness of defendant in his examination-in-chief.  Conceding that the nonsuit was improperly refused at the time, the defend-

ant, by his own testimony, cured this error. (Smith v. Compton, 6 Cal. Rep., 24.)

2. The second and most material point made by appellant is, that the Court refused the evidence offered by defendant, to prove that plaintiff claimed the property before a sheriff's jury, and that the verdict was against him. It is insisted that this is a complete justification of the officer, in afterwards selling the goods before any suit was brought by the plaintiff.

Section two hundred and eighteen of the Code is as follows : "If the property levied on be claimed by a third person, as his property, the sheriff shall summon from his county six persons, qualified as jurors, between the parties, to try the validity of the claim. He shall also give notice of the claim, and of the time of trial, to the plaintiff, who may appear and contest the claim before the jury. The jury and the witnesses shall be sworn by the sheriff, and if their verdict be in favor of the claimant, the sheriff may relinquish the levy, unless the judgment-creditor give him a sufficient indemnity for proceeding thereon. The fees of the jury, the sheriff, and the witnesses, shall be paid by the claimant, if the verdict be against him; otherwise, by the plaintiff. On the trial, the defendant and the claimant may be examined by the plaintiff as witnesses."

The same provision is applicable to seizures under attachment. (Section 131.)

It will be seen that the Code itself states the effect of the verdict, if in favor of the claimant. It also states the effect of the verdict, if against the claimant, as to costs. When a statute assumes to specify the effects of a certain provision, we must presume that all the effects intended by the law-maker are stated. (Lee v. Evans, 8 Cal. Rep., 424; Bird v. Dennison, 7 Cal. Rep., 307; Melony v. Whitman, page 38 of this volume.)

Under this rule of construction, we can not give to the verdict of a sheriff's jury any other effect than those stated in the Code itself.

The weight of the English decisions is against the position contended for by the learned counsel of defendant. The American cases referred to would seem, at first view, to support the defendant's position; but, when examined, they are not in point. The decisions in Illinois were made under a statute which allowed an appeal from the decision of the sheriff's jury to the Circuit Court. (Rev. Statutes of Illinois, 1845, p. 475, § 8.) The statute of Missouri contained a special provision that "if the jury find the goods and chattels to be the property of the defendant in the execution, the verdict, as against the claimant, shall justify the officer in selling such goods and chattels." (Schroeder & Evers v. Clark, 18 Mo. Rep., 185.) The proceeding in Georgia is judicial. The claim is made returnable to Court, which is required " to cause the right of property to be

decided on by a jury." (Deloach & Wilcoxson v. Myrick, 6 Geo. Rep., 413.) So, in Ohio, the question is tried before a justice of the peace. (Swan's R. S., 1854, § 426.) We are unable to find the opinion of Judge Hitchcock, in the case of Patty v. Mansfield, as no reference is made to the volume in which it is contained.

Under the provisions of our statute, the proceeding before the sheriff is not judicial. The jury is of the sheriff's own selection. He presides upon the trial, and decides all questions as to admissibility of testimony. It would, therefore, be giving an extraordinary force to the verdict to say, without an express statutory provision, that it protected the officer in selling the property of another party, not a defendant in the execution. Such a power might lead to great oppression. But the law has not left the sheriff without ample means of protection. He presides at the trial before the jury, and hears all the testimony, and he is, therefore, informed of all the facts, and can act advisedly. If he thinks there is any reasonable doubt as to the title of the property, he can resort to the Court for protection. (Bayley v. Bates, 8 Johns. Rep., 188.)

Judgment affirmed.

[Field, J., having been counsel in the Court below, did not sit in the case.]