[L. A. No. 4168. Department One.—April 15, 1918.]

## ALMA L. BOAL et al., Appellants, v. A. G. GASSEN, Respondent.

MORTGAGES—CONVEYANCE ABSOLUTE IN FORM—SECURITY FOR PERFORMANCE OF OBLIGATION — INTENTION OF PARTIES. — An instrument in the form of an absolute conveyance, if in fact given as security for the performance of an obligation, is and will be treated as a mortgage, the question being one of the intentions of the parties.

ID.—CONVEYANCE BY DEBTOR TO CREDITOR—FINDINGS OF FACT—CONCLUSION OF LAW NOT SUPPORTED.—Where the owners of land, which is subject to a deed of trust executed by them as security, convey the land to the holder of the note and security, findings of fact to the effect that the conveyance was made in extinguishment of the debt, under threat by the owner of the security to foreclose unless such deed was made, do not support a conclusion of law that the grantee under the deed has no interest under it in the land except as security by way of mortgage lien for the payment of the amount of the note and interest, and sums paid for taxes.

ID. — CONTINUED EXISTENCE OF DEBT — EVIDENCE THAT DEED WAS A MORTGAGE.—The continued existence of a debt, which was originally secured by mortgage, after a conveyance by the debtor to the creditor, is a circumstance tending to show that the instrument, though in form a conveyance, was in fact a mortgage.

ID. — CONVEYANCE TO CREDITOR SET ASIDE — RESTORATION OF ORIGINAL SECURITY.—Where in such case a conveyance by the debtor to the creditor, who originally held a deed of trust as security, is set aside as having been obtained by undue influence, it is not error to restore the creditor, whose debt is overdue and unpaid, to the benefit of the security he gave up, when he took the conveyance, and to decree a sale under the deed of trust.

ID.—JUDGMENT DIRECTING SALE BY COMMISSIONER.—In such case no prejudicial error is committed by directing a sale by a commissioner instead of by the trustee named in the deed of trust.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Harrison G. Sloane, Morganstern, Magee, Henning & Hendee, and Wood & Wood, for Appellants.

Hunsaker & Britt, W. E. Mitchell, and John A. Powell, for Respondent.

SLOSS, J.—The cause having been tried, the court made its findings of fact and conclusions of law, and entered a judgment granting certain relief to the plaintiff, Alma L. Boal. On the defendant's motion, made under section 663 of the Code of Civil Procedure, the court altered and amended its conclusions of law, and entered a different judgment. Alma L. and J. Mills Boal appeal from the second judgment.

The findings are, in effect, as follows: Alma L. Boal was, on December 1, 1911, the owner of a parcel of land in San Diego County. On thát day she and her husband, J. Mills Boal, made and delivered their promissory note for seventy-five thousand dollars, payable September 16, 1913, to the defendant, A. G. Gassen, and secured the same by a deed of trust conveying the above-mentioned land to Title Insurance and Trust Company, as trustee. The note contained a provision for accelerating the due date of the principal on nonpayment of interest. In December, 1912, plaintiffs were in default in payment of interest, and were unable to raise funds to pay such interest or the principal of their note. The defendant was aware of their financial condition. The plaintiffs had theretofore conveyed the land to one Bradbeer for convenience in negotiating a loan. The land was, on December 19, 1912, worth two hundred and fifty thousand dollars, and there was then due from the Boals to Gassen $76,293.98. Prior to the last-named date, the said plaintiffs had endeavored, but without success, to obtain from Gassen an extension on their debt. About December 14th, Gassen notified them that, upon their failure to pay an installment of interest to fall due December 16th, he would elect to declare the principal due, unless they would convey the property to him upon the consideration that he would

cancel and satisfy the note and execute to Bradbeer a certain option, which will be described hereinafter, and that unless said plaintiffs should pay the note or make such conveyance, he would direct the trustee to sell under the deed of trust. On or about December 18th, the Boals and Bradbeer "assumed to enter into" an agreement whereby plaintiffs were to convey the property to Gassen in payment of the note, and Gassen agreed to execute to Bradbeer an option for the sale, on or before January 1, 1914, of said land to Bradbeer for $136,240, which was forty-five thousand dollars in excess of the debt, together with incidental expenses. The plaintiffs were unable to secure funds with which to pay the debt, and they thereupon agreed to accept the terms proposed by Gassen, and to execute the necessary instruments, but such agreement and the execution and delivery of the instruments thereupon executed "was not the free and willing act of plaintiffs or either of them, but was induced by all of the circumstances surrounding the condition of the parties." The deed to the defendant was thereupon executed and delivered. The defendant canceled the note and executed a release to plaintiffs, caused the trustee to make a reconveyance of the property to Bradbeer, and executed in favor of Bradbeer an option as above outlined. The plaintiffs, at the same time, signed a writing in which they declared and acknowledged, in the most direct and explicit words, that their obligation and indebtedness to Gassen was extinguished, that they owed him nothing, that the conveyance to him was absolute, and that the land was held by him free of any claim or interest on the part of any of said plaintiffs. Except as stated, Gassen gave to plaintiffs no consideration for the conveyance so made to him. On March 11, 1914 (after the commencement of this action), the plaintiffs made to Gassen a written offer to pay him ninety-four thousand dollars, being the sum due on December 19, 1912, with interest and expenses, and defendant refused to accept the same, claiming to be the owner of the land. Plaintiffs have not paid anything on account of said indebtedness. It was found that "there is now due and owing by plaintiffs, J. Mills Boal and Alma L. Boal, to defendant Gassen" the principal of the promissory note, with interest and sums paid for taxes, aggregating $97,812.82. The plaintiff did not at any time *prior* to the commencement of this action tender

to defendant any sum of money, or attempt in any manner to rescind the transaction of December, 1912.

The conclusions of law first drawn from these facts were that the deed executed by plaintiffs to Gassen on December 19, 1912, is a mortgage, that plaintiff Alma L. Boal is the owner of the land, that she and J. Mills Boal owe the defendant $97,812.82, and that said defendant has no interest in the land except a mortgage lien as security for the payment of said sum.  Judgment was entered accordingly.

The conclusions, as amended following defendant's motion, were that the deed and other instruments executed by plaintiffs in December, 1912, were obtained without adequate consideration and under undue influence, and were voidable at plaintiffs' election, upon the condition that defendant should be restored to his rights under the promissory note originally held by him, and the deed of trust given to secure the same; that the sums due on the note are secured by the deed of trust, and defendant is entitled to have the property sold, and that a commissioner should be appointed to make such sale.  These conclusions are, in substance, embodied in the second judgment, the one which is attached to this appeal.

The appellants' contention is that the court was right in the first instance in holding that the conveyance of December, 1912, was a mortgage.  But this claim is entirely without support in the findings of fact.  It is familiar law that an instrument, though in the form of an absolute conveyance, constitutes and will be treated as a mortgage, if in fact it was given as security for the performance of an obligation. (*Lee* v. *Evans,* 8 Cal. 430; *Hodgkins* v. *Wright,* 127 Cal. 690, [60 Pac. 431].)  The question is one of the intention of the parties.  But the findings, which we have summarized, contain nothing which in any way indicates that the deed of December, 1912, was, so far as the understanding, agreement, or intention of the parties is concerned, given to the defendant as security for a debt.  The situation plainly set forth is that Gassen insisted upon the transfer of the property in payment and extinguishment of his debt, and that the plaintiffs yielded to his demand.  Nobody ever thought that Gassen was getting a new or continuing security.

The appellants rely upon the findings that Mrs. Boal is the owner of the land, and that she and her husband are indebted to Gassen.  The continued existence of a debt is no

doubt a circumstance tending to show that a conveyance is a mortgage. (*Montgomery* v. *Spect,* 55 Cal. 353.) But when the findings in this case are read as a whole, it is perfectly obvious that the declarations of ownership and indebtedness were in reality conclusions based upon the more specific facts which led the court to the belief that the transaction of December, 1912, was not, in equity, binding upon the appellants. In other words, the court found that the debt remained because the parties, although intending and agreeing that it should be extinguished, had dealt under conditions which entitled the parties of the one part to avoid their agreement. The theory of the trial court evidently was that the transaction had been induced by undue influence, as defined in subdivision 3 of section 1575 of the Civil Code.

The judgment finally entered gives to the appellants at least as much as they have a right to ask. If the transaction of December, 1912, is to fall, the defendant must be entitled to the benefit of the security which he gave up in that transaction. His note is overdue and unpaid, and the judgment gives him no more than he could claim under the original, and unquestioned contract, when it decrees a sale under the deed of trust. We are unable to see that error was committed or that the interests of the appellants were prejudiced by the action of the court in directing a sale by a commissioner appointed by it, instead of by the trustee named in the deed of trust. (See *More* v. *Calkins,* 85 Cal. 177, 190, [24 Pac. 729].)

Whether, on the facts found, the plaintiffs were entitled to any relief at all, is open to serious doubt. But, since the defendant makes no complaint of the judgment, this question does not call for consideration.

The judgment is affirmed.

Richards, J., *pro tem.,* and Shaw, J., concurred.