ALBANY,
Jan. 1813.

TOWNSEND
v.
PHILLIPS.

**TOWNSEND** *against* **PHILLIPS.**

*Where goods taken on an execution against B. by a constable, were claimed by A. as his property, and the constable summoned a jury of inqui- ry as to the claim; it was held that the inquisition was no justifica- tion, in an ac- tion of tres- pass brought by A against the constable, but went only in mitigation of damages; though such inquisition may, in many cases, justify the officer for making a re- turn of* nulla bona

*Whether a* constable *has power to sum- mon a jury of inquiry to try a claim of property ta- ken by him on execution?* Quære.

IN ERROR, on *certiorari*, from a justice's court. *Phillips* brought an action of *trespass* against *Townsend*, for taking and carrying away a quantity of oars, the property of the plaintiff below. *Townsend*, the defendant, who was a constable, pleaded that he took the oars in question near the store of *William Shaw*, by vir- tue of an execution against *John Inman*, and as his property; that the plaintiff claimed them as his property, and the defendant thereupon called a jury of inquiry to try the claim, and the jury found the oars to be the property of *Inman*. The facts stated in the defendant's plea were proved; but the justice, not- withstanding, directed the cause to proceed; and the defendant then waived all the other proceedings, and the cause was inves- tigated on merits. The plaintiff proved a *bona fide* sale of the oars to him, for a valuable consideration, by *Inman*, 4 or 5 days before the execution issued, and the justice gave judgment for the plaintiff, for 17 dollars damages.

*Powers*, for the plaintiff in error.

*Cantine*, contra.

*Per Curiam.* The inquisition taken by the constable was not a justification to him, in an action of trespass, for taking the goods of the plaintiff below. It could only go in mitigation of damages. The authorities referred to in the case of *Bayley* v. *Bates*, (8 *Johns. Rep.* 185.) generally support this point, and make a distinction between an action against the sheriff for taking goods not belonging to the defendant in the execution, and an action against him, by the party in the execution, for returning *nulla bona*, upon the strength of such an inquisition. It may, in many cases, justify him upon a charge for a false return, for omitting to act; but not in the other case, for actually seizing goods, not be- longing to the party against whom he was to proceed.

Assuming, therefore, that a constable may, upon an execution, summon a jury, and take an inquisition, (on which point the court give no opinion,) yet, in this case, and in this suit, it did not amount to a justification.

Judgment affirmed.