May Term, 1828.

CHINN
v.
RUSSELL.

Case 1.
2b 172
[43  71]

## THOMASSON v. TUCKER's Administrators, in Error.

Tuesday, May 13.

THE answer of one defendant in chancery is no evidence against his co-defendant.

## WEAVER v. BRYAN, in Error.

Thursday, May 15.

## CHINN v. RUSSELL.

Goods found in possession of *A.*, an execution-defendant, were levied on by the sheriff. *B.* claimed the goods as his, and a jury, summoned to try the right of property, found that they belonged to *A.*  Held, in replevin by *B.* against the sheriff, that the finding of the jury was not conclusive against *B.*

*Quære*, whether *A.'s* unconditional possession of goods, which had been sold by him to *B.*, renders the sale *per se* fraudulent and void, or is only evidence of fraud, as to *A.'s* creditors.

Replevin lies by a person not having the actual possession of the goods when taken, provided he have at the time the general property and the right of immediate possession.

Any person, except the execution-defendant, may have replevin, under our statute, for his goods taken in execution.

APPEAL from the *Marion* Circuit Court.—Replevin by *W. S. Chinn* against *A. W. Russell.* The defendant filed two avowries and one plea. The plaintiff pleaded to the avowries and replied to the plea. Demurrer to the plaintiff's pleas, and issue on his replication. Judgment on the demurrer for the defendant.

BLACKFORD, J.—This is an action of replevin. There are two avowries. The first states, that *Kinnard* recovered a judgment against *Thomas Chinn,* and sued out an execution against his goods; that the defendant, as sheriff, by virtue of the execution, took the goods, they being in the actual possession of *Thomas Chinn;* that the present plaintiff and another person claimed the property, and the jury, summoned to try the right, found it to be in the plaintiff, but the Circuit Court, on appeal, determined the goods to belong to *Thomas Chinn.* The defendant also averred the property to be in *Thomas Chinn.* The second avowry is the same as the first, except that it says nothing as to the trial of the right of property. The defendant also pleads that the goods belong to *Thomas Chinn,* and not to the plaintiff. To the avowries, the plaintiff pleads that the goods are his; that *Thomas Chinn* had possession as his bailee; and that the plaintiff always had the right to reduce them into possession at any time. To the plea of property in another, the plaintiff replies property in himself. The defendant demurs to the pleas of the plaintiff, and joins issue on his replication.

It is contended, that the determination of the Court, as to the right of property, was a *justification* to the sheriff. This position cannot be supported. We are not aware that these trials of the right of property have been ever held conclusive. If the goods be found to be the debtor's, the inquisition may show that the sheriff's conduct in selling was not malicious, but it is no bar to the action of the owner. *Townsend* v. *Phillips,* 10 Johns. R. 98 (1). It is also contended, that the plaintiff's permitting the goods to remain with *Thomas Chinn,* was fraudulent, and rendered them subject to the execution. For this are cited, *Hamilton* v. *Russel,* 1 Cranch, 309, and *Sturtevant* v. *Ballard,* 9 Johns. R. 337. These are cases of goods sold by the execution-defendant, where it was held, that the continuance of possession by the seller without condition, renders the sale void as to creditors. There are other cases, holding this circumstance

as only an evidence of fraud (2). The present case, however, is altogether different from those referred to; there being no pretence here, that the plaintiff purchased the property of the execution-debtor; and the authorities cited have, therefore, no application.

The principal questions arising in this cause are these two: first, can a person, not having the actual possession of goods when taken, recover in replevin, provided he have the general property, and the right of immediate possession? secondly, can a person, not the execution-defendant, have replevin under our statute for goods taken in execution? Our opinion is in the affirmative on both these points. As to the first, it is evident from the cases of *Ward* v. *Macauley*, 4 T. R. 489, and *Putnam* v. *Wyley*, 8 Johns. R. 432, cited by the defendant himself, and *Gordon* v. *Harper*, 7 T. R. 9, that the plaintiff could recover, under these circumstances, in trover, or trespass *de bonis asportatis*. And we know of no ground, as respects this point, on which replevin can be distinguished from trover or trespass. As to the second question, we are of opinion that, let the common law be as it may, our statute authorises the proceeding. According to the statute, whenever any person tortiously takes and unlawfully detains, or lawfully acquires and unlawfully detains, the goods of another, the owner may replevy. One exception is made, and no more; which is, that the law shall not extend to execution-defendants. R. C. 1824, p. 337. The case we are considering is one of taking and detaining without sufficient authority; and the plaintiff is not an execution-defendant: it is impossible, therefore, to say that the statute does not apply to it (3).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the joinder in demurrer are set aside, with costs. Cause remanded, with directions to permit the appellee to withdraw his demurrer and reply to the pleas of the plaintiff.

*Hurst* and *Gregg*, for the appellant.
*Fletcher* and *Brown*, for the appellee.

(1) Sed vide R. C. 1831, pp. 237, 238. Vide, also, *Bosley* v. *Farquar*, ante, p. 61, and notes (1) and (2). 2 Tidd's Prac. 8th Lond. Ed. 1047.

(2) It has been a great question, whether the debtor's continuance in possession of

goods, after his sale of them to another, is to be considered *conclusive* or only *prima facie* evidence of fraud, as to creditois. That the evidence is *conclusive*, is decided not only by the cases named in the text, but by the previous one of *Edwards* v. *Harben*, 2 T. R. 587, and some others. There are many subsequent cases, however, holding the contrary opinion, which must be considered as having almost subverted the authority of those from which they differ. "The conclusion," says Chancellor *Kent*, "from the more recent *English* cases would seem to be, that though a continuance in possession by the vendor or mortgagor be *prima facie* a badge of fraud, if the chattels sold or mortgaged be transferable from hand to hand, yet the presumption of fraud arising from that circumstance, may be rebutted by explanations showing the transaction to be fair and honest, and giving a reasonable account of the retention of the possession. The question of fraud arising in such cases, is not an absolute inference of law, but one of fact for a jury; and if the personal chattels savour of the realty, as, for instance, the engines, utensils, and machinery, belonging to a manufacturing establishment, no presumption of fraud will arise from the want of delivery." 2 Kent's Comm. 2d Ed. p. 520. *Twyne's case* is the leading one on this subject. 3 Co. Rep. 80. Vide, also, *Kidd* v. *Rawlinson*, 2 Bos. & Pull. 59.—*Hoffman* v. *Pitt*, 5 Esp. R. 22.—*Arundell* v. *Phipps*, 10 Ves. 139, 146, 147, 151.—*Steel* v. *Brown*, 1 Taunt. 381.—*Dawson* v. *Wood*, 3 id. 256.—*Watkins* v. *Birch*, 4 id. 823.—*Reed* v. *Blades*, 5 id. 212.—*Leonard* v. *Baker*, 1 Maule & Selw. 251.—*Benton* v. *Thornhill*, 7 Taunt. 149.—*Guthrie* v. *Wood*, 1 Stark. R. 367.—*Jezeph* v. *Ingram*, 8 Taunt. 838.—*Armstrong* v. *Baldock*, 1 Gow's R. 33.—*Wooderman* v. *Baldock*, 8 Taunt. 676.—*Steward* v. *Lombe*, 1 Brod. & Bing. 506.—*Storer* v. *Hunter*, 3 Barn. & Cress. 368.—*Latimer* v. *Batson*, 4 id. 652.—*Eastwood* v. *Brown*, Ry. & Mood. 312. In the case last cited, decided in 1825, *Abbott*, C. J., says: "I shall leave it to the jury to say, whether, under all the circumstances of this case, they are satisfied that the assignment was made with the design of delaying or defeating creditors in the recovery of their debts. I cannot agree to the doctrine laid down in the case cited by Mr. *Scarlett*. [*Wordall* v. *Smith*, 1 Campb. 333.] The circumstance of an assignor who is under pecuniary embarrassments, remaining in possession of the property assigned, is always suspicious; but if it does not appear, from other facts in the case, that this takes place under a fraudulent arrangement between the parties, for the purpose of delaying creditors, I am of opinion that it is not of itself a *conclusive* badge of fraud. I have no doubt that a purchase of a house and furniture, with an immediate demise of that house and furniture to the vendor, may be good, if there be no intention to defeat or delay creditors by the transaction, and it is material that in this case it does not appear that any actions by other creditors had been brought."

That the continuance of possession is only *prima facie* evidence of fraud is the law in *New-York*. *Barrow* v. *Paxton*, 5 Johns. R. 258.—*Beal* v. *Guernsey*, 8 id. 452, It was, in *Sturtevant* v. *Ballard*, 9 Johns. R. 337, decided to be *conclusive*; but that case is overruled, and the doctrine of the previous decisions is adhered to. Vide *Butts* v. *Swartwood*, 2 Cowen, 431.—*Bissell* v. *Hopkins*, 3 Cowen, 166 and note.—*Jennings* v. *Carter*, 2 Wend. 449.—*Divver* v. *M'Laughlin*, id. 596.—*Hall* v. *Tuttle*, 8 id. 375.

The law in *Massachusetts* is like that in *New-York*. *Brooks* v. *Powers*, 15 Mass. 244.—*N. E. M. I. Co.* v. *Chandler*, 16 id. 279.—*Bartlett* v. *Williams*, 1 Pick. 288.—*Badlam* v. *Tucker*, id. 399.—*Homes* v. *Crane*, 2 id. 607.—*Wheeler* v. *Train*, 3 id. 255.—*Ward* v. *Sumner*, 5 id. 59.—*Shumway* v. *Rutter*, 7 id. 56, S. C. 8 id. 443.

In *Pennsylvania* the law is otherwise. There, the continuance of possession

is *conclusive* evidence of fraud, and *per se* avoids the sale, as to creditors and purchasers. *Dawes* v. *Cope*, 4 Binn. 258. — *Clow* v. *Woods*, 5 S. & R. 278.—*Babb* v. *Clemson*, 10 id. 419.—*Shaw* v. *Levy*, 17 id. 99. — *Hower* v. *Geesman*, id. 251.

Vide 2 Kent's Comm. 2d Ed. 512—532, where the reader may find a general review of the *English* and *American* decisions on this litigated subject. Vide, also, 2 Stark. Ev. 617, and note.—Chitty on Contracts, 227, and note.—Roscoe on Ev. 485.— *Jordan* v. *Turner*, *Nov.* term, 1833, post. There is an *English* decision on this subject, as late as 1832, the substance of, which is as follows:—Want of possession accompanying a conveyance of chattels does not of itself constitute fraud, and avoid the deed as against creditors; it is only *evidence* (or as the cases term it, *a badge*) of fraud. And where a bill of sale of household furniture was given as a security for a *bona fide* advance of money, and provided that if the debtor should repay the money by instalments on certain days the deed should be void, but in default of payment of any of the instalments, the creditor might take possession and sell off the goods; and that *until such default*, the debtor might keep possession,—the deed was held not to be fraudulent as against a judgment-creditor by reason of the debtor's remaining in possession, being given for a good consideration, and his continuance of possession being in terms provided for. (2 W. Bl. 701; 1 B. Moore, 189; 2 Marsh. 427. The dictum of *Buller, J.*, in *Edwards* v. *Harben*, 2 T. R. 587, was relied on *contra.*)—*Martindale* v. *Booth*, 3 Barn. & Adol. 498.—9 Lond. Law Mag. 429.

(3) The statute of 1831 is the same with that of 1824 which is cited in the text. R. C. 1831, p. 424. Vide *Parsley* v. *Huston*, *May* term, 1834, post. It is said by Blackstone, that replevin lies *only* in the case of a wrongful distress. 3 Bl. Comm. 146. It has been since shown, however, that this is a mistake; and that replevin lies for any *tortious taking* of goods from the possession of the plaintiff. *Shannon* v. *Shannon*, 1 Sch. & Lef. 327.—*Pangburn* v. *Patridge*, 7 Johns. R. 140. By the common law, there must be an actual and wrongful *taking* of the goods from the plaintiff to authorise the action of replevin. *Shannon* v. *Shannon*, supra.—*Meany* v. *Head*, 1 Mason, 322.—*Galloway* v. *Bird*, 4 Bing. 299. In some of the states, replevin lies in any case where one man claims goods which are in the possession of another, *no matter how the latter's possession was obtained*. It is so in *Pennsylvania*. *Weaver* v. *Lawrence*, 1 Dall. 156.—*Shearick* v. *Huber*, 6 Binn. 2.—*Staughton* v. *Rappalo*, 3 S. & R. 562.—*Keite* v. *Boyd*, 16 id. 300. So in *Massachusetts*. *Baker* v. *Fales*, 16 Mass. 147. So in *Maine*. *Seaver* v. *Dingley*, 4 Greenl. 315.

The following is a late decision in *New-York*: Replevin against a sheriff. Avowry, that the defendant took the goods by virtue of an execution against *G.*, they being found in *G.'s* possession. Demurrer to the avowry. *Per Curiam.*—"By the pleadings it is admitted that, at the time of the taking, the property was in the plaintiff, and the possession in *Griswold*, the defendant in the execution; and the question is, whether replevin lies? Since the case of *Pangburn* v. *Patridge*, 7 Johns. R. 140, it has been settled that replevin lies where trespass *de bonis asportatis* will lie. The plaintiff must have property general or special, and possession either actual or constructive. In *Thompson* v. *Button*, 14 Johns. R. 84, Chief Justice *Thompson* lays down the broad proposition, that as a general principle it is undoubtedly true, that goods taken in execution are in the custody of the law, and cannot be taken out of such custody when the officer has found them in, and taken them out of, the possession of the defendant in the execution. In *Clark* v. *Skinner*, 20 Johns. R. 467, Mr. Justice *Platt* has shown very conclusively, that that proposition is correct only as between the defendant in such execution and the officer; and in such a case, it was applied in *Gardner* v. *Campbell*, 15 Johns. R. 401. A variety of cases are stated by Mr. Justice *Platt*, in which an action

of trespass would be a very inadequate remedy. The case of *Thompson* v. *Button* was decided upon the principle of *Pangburn* v. *Patridge,* and was a case where the property taken by virtue of the execution was taken from the possession of the plaintiff in the replevin, and not from the possession of the defendant in the execution. The same principle laid down in *Pangburn* v. *Patridge* was recognized in the late cases of *Marshall* v. *Davis,* 1 Wend. 109, and *Hall* v. *Tuttle,* 2 id. 475. The plaintiff having the property in the goods in question, had the constructive possession; for the property draws to it the possession. The plaintiff therefore had the right to take possession at pleasure, and could have sustained trespass; and replevin and trespass in such cases are concurrent remedies. The plaintiff is entitled to judgment on the demurrer, with leave to the defendant to amend on payment of costs." *Dunham* v. *Wyckoff,* 3 Wend. 280.

In *Massachusetts,* by statute, replevin lies for goods attached on mesne process or taken in execution, provided the debtor in the original suit is not the plaintiff in replevin. Therefore, if *A.'s* goods are taken in execution for *B.'s* debt, *A.* may maintain replevin against the officer. Oliver's Precedents, 464.