### Morrill *et. al. v.* Miller.

Where a judgment exceeds the verdict in amount, it will not be reversed, if the excess is remitted.

A trial of the right of property under attachment, is no bar to an action of replevin, for the same property.

To aid in the construction of a statute, other statutes in *pari materia* may be considered.

### Error *to Lee District Court.*

*Opinion by* Greene, J.  Replevin commenced by Milton M. Morrill against Peter Miller, Lee McGavic and James Chittenden.  The case was tried ·below upon an agreed state of facts, by which it appeared that the property taken in this replevin suit had been previously taken by virtue of a writ of attachment in favor of W. P. Cowles against F. Hall ; that the property was thereupon claimed by the plaintiff to this suit, and a trial of the right of property was had at the April term, 1848, of the Lee district court, and by the verdict of a jury and the judgment of the court, it was decided to be the property of said Hall, and it was accordingly ordered to be sold to satisfy the judgment recovered by said Cowles.  The agreement stipulated, that the court should decide whether said trial of right of property is a bar to the present action of replevin, and if decided in favor of defendants, that the action should be dismissed.  Upon this agreement the court dismissed the suit, and ordered a writ of inquiry.  At the next term a jury was empanneled to assess the damages.  The jury assessed the damages at nine hundred dollars, but upon that verdict the court rendered a judgment against the plaintiff for nine hundred and nineteen dollars.

1.  The first error assigned, is that the court rendered judgment in favor of defendants for a greater amount than was authorized by the verdict.  The judgment so far as it

Morrill *v.* Miller.

exceeds the amount returned in the verdict is erroneous ; but as the defendants have proposed a *remittitur* for the excess of nineteen dollars the judgment cannot be reversed on that account.

2. It is also urged that the court erred in deciding that the trial of right of property was a bar to this action ; and in dismissing the suit. The 18th § of the valuation law is cited in support of this position. This section provides that " personal property taken by virtue of a writ of attachment may be claimed and such further proceedings thereon had as is herein provided in cases of personal property taken in execution ; *Provided*, that nothing herein shall be construed to prevent the claimant of property taken as aforesaid, from seeking his remedy in an action of replevin, detinue, trespass or trover ; " Rev. Stat. 634, § 18. The six preceding sections regulate the proceedings and trial of right of property, when claimed by any other person than the defendant in execution.

The proviso in section eighteen, should, we think, be construed with a relation to those preceeding sections on the same subject, and has a reference to property taken on execution, as well as to property taken by writ of attachment. The words " property taken as aforesaid " were doubtless intended to comprise that taken by either writ. It follows then, that nothing in the act in relation to such property, when claimed by a third party, can be so construed as to prevent the claimant from seeking his remedy in an action of replevin, &c. This language is very broad and explicit. It admits of no alternative construction, and proposes no exception. It unqualifiedly declares that nothing therein shall be construed against his remedy in replevin, &c. A party claiming property taken in execution or by attachment was entitled to his remedy in replevin independent of section eighteen, and might have availed himself of that remedy, or he might have had his right to the property tried, as provided in section twelve of the valuation law. If the

G

legislature intended to allow the·action of replevin only in· the event that the party did not avail himself of a trial under section twelve, that intention should have been. expressed. As no such alternative or exception is provided,. we must conclude that no proceeding under the act, not even a trial under·section twelve,.should be construed as a bar to an action of replevin, and this we think was the intention of the legislature.

This view of the legislative intention is promoted by the eighth and ninth sections of the attachment law ; Rev. Stat. 79. Section eight provides, that when property attached is . claimed by some person other than the defendant, the right shall be tested by a jury in the manner prescribed where· property taken on execution is claimed by some stranger to the suit. The ninth section expressly declares that the verdict on such trial shall not be conclusive against either of the parties ; and that the same proceedings may be insti-· tuted to obtain the property, or compensation therefor as . though the trial provided had not take place. As such trial, when property is taken by attachment, is no bar to subsequent proceedings, why should it be considered a bar where· property is taken on execution ? If the 18th § of the valu-· ation law is equivocal, the 9th § of the attachment law upon the same subject matter is sufficiently clear and intelligible· to explain the intention of the former. The propriety of referring to other acts *in pari materia* to aid in the construction of a statute, will not be questioned. This is now· among the rules of legislative interpretation ; 3 Mass. 17, 21, 296 ; 8 ib..418, 423 ; 1 Pick. 248, 254 ; 10 ib. 235.

The construction we have given to the statute is not without authority. In Indiana, the law declares that in all cases where a trial of the right of property has been had the decision while unreversed, is conclusive between the parties ; R. C. 1831, pp. 237, 238. Still in *Chinn* v. *Russell,* 2 Black. 172, goods in possession of the execution defendant A. were· levied on by the sheriff ; the goods were claimed by B. and

a jury summoned to try the right of property ; found that they belonged to A. In replevin by B. against the sheriff, it was held that the finding of the jury was not conclusive against B. In the opinion, the court say: "We are not aware that these trials of the right of property have been ever held conclusive. If the goods be found to be the debtor's, the inquisition may show that the sheriff's conduct in selling was not malicious, but it is no bar to the action of the owner." If this decision is authorized by the law of Indiana, it should not be questioned under the statute of Iowa.

In *Van Cleef* v. *Fleet*, 15 John. 147, it was held that an inquisition taken by a sheriff on a claim of property in goods levied under execution is not conclusive of the right of property. The court declare that it would be intolerable to consider these inquisitions as decisive of the right of property, considering the manner in which they are taken and the great abuse to which such proceeding is liable. There is prehaps no such liability to abuse under the statute of Iowa. Here a change of venue, a continuance and a new trial may be awarded, or an appeal taken from the judgment of the justice in such proceedings. The statute affords every opportunity for a full and fair hearing of the claimants right to the property. Aside then from the manifest intention of the legislature and the authorities on the subject, we should be at a loss for a good reason for granting a claimant, a second action, and a second day in court to determine the same subject matter. But legislative intention and the authorities must prevail ; and hence we are of the opinion that the trial provided by statute in cases like the present is no bar to an action of replevin for the same property.

Judgment reversed.

*J. C. Hall* and *M. M. Morrill*, for plaintiff in error.

*C. Walker* and *R. P. Lowe*, for defendant.