SCHROEDER & EVERS, Defendants in Error, *vs.* CLARK, Plaintiff in Error.

1. Property was seized by a constable under an execution. A third party interposed a claim, which was tried before a constable's jury under the statute. The verdict of the jury was, that the property belonged to the *plaintiffs* in the execution. *Held,* this verdict justified the constable in selling.

2. The eighth article of the code, relative to the claim and delivery of personal property, does not repeal the fourteenth section of the seventh article of the act concerning justices' courts, which authorizes a trial before the constable of the right to property seized under execution, where a third party interposes a claim. If a trial is had at the instance of the claimant and the right found against him, he cannot afterwards sue the officer, though he may all other parties who have interfered with his property.

*Error to St. Louis Court of Common Pleas.*

*C. Gibson,* for plaintiff in error.
*Britton A. Hill,* for defendants in error.

SCOTT, Judge, delivered the opinion of the court.

The defendants in error brought suit against the plaintiff in error for taking property under an execution which they claimed. The plaintiff in error was a constable of St. Louis township, and was charged with the service of an execution at the suit of Meyer & Meister against the goods and chattels of Simon Helweg. The goods of Helweg being seized under the execution, the defendants in error interposed a claim to them, and the plaintiff in error, (the constable,) in pursuance to law, summoned a jury to try the right of property, who returned the following verdict :

"Herman Schroeder, claimant,
      *vs.*
"Meyer & Meister.
"St. Louis, November 10, 1852.——Trial of the right of property before E. G. Clark, constable.

"We, the jury, find the property to belong to Meyer & Meister, defendants in this cause. J. Wescott, foreman."

The notice of claim, it appears, was given by John Evers, one of the defendants in error. Immediately after the rendition of the foregoing verdict, the defendants in error sued out process in this action under the code, being in the nature of an action of replevin.

1. The fourteenth section of the seventh article of the act concerning justices' courts, enacts, that "if the jury find the goods and chattels to be the property of the defendant in the execution, the verdict, as against the claimant, shall justify the officer in selling such goods and chattels." The verdict in the present case is an informal one. But enough is shown to satisfy us that the law was substantially complied with. The protection designed for the officer by the law will never avail him, if we hold juries to legal precision in the report of their proceedings. The plaintiffs claimed the property and the jury found that it did not belong to them. This should be satisfactory. The finding that the property belonged to the plaintiffs in the execution was nothing more than saying that it was subject to be sold for the satisfaction of their debt—an error into which they were led from misentitling the cause or matter before them, as may be seen from the form of the verdict.

2. There is no pretence for the idea that the eighth article of the code, relative to the claim and delivery of personal property, repeals the fourteenth section of the seventh article of the act concerning justices' courts, which authorizes a trial of the right of property, where there is a claim interposed by one not a party to the proceedings. This provision was intended as a protection to constables from vexatious litigation for a faithful discharge of their duties. There is nothing in the code which would warrant the shadow of a foundation for this notion. The jury having found against the claimants' right to the property levied on, the constable was justified, as against the claimants, and being justified, he was subject to no suit by them. By claiming a trial of the right of property, and having it found against them, they waived their action against the officer.

*Quilibet potest renuntiari juri pro se introducto.* The party is not without his remedy; he may proceed against all others who have interfered with his property.

There is nothing in the point, that the cause was not properly prepared for this court. The facts were agreed upon, and the party excepted to the judgment pronounced upon them, so soon as it was given. The other judges concurring, the judgment will be reversed.