CLARK v. SEARS.

Where in a suit to enforce the specific performance of a contract to convey real estate, in which contract the complainant was to perform labor, as well as to pay money, it appeared that he had performed the work, and paid part of the money according to the agreement; that he was prevented from paying the balance of the money on the day it became due, by the absence of the respondent; and that he had tendered the money due, with the accruing interest, when respondent refused to receive the money, and convey the land, on the ground that the day of payment had passed by; *Held*, That the complainant had shown himself sufficiently prompt to perform his part of the contract, and was entitled to a specific performance of the contract.

### Appeal from the Jackson District Court.

THIS was a petition in chancery, to enforce the specific execution of an agreement to convey certain real estate, and to enjoin proceedings at law, to recover the possession of the same, begun by defendant. The petition alleges that defendant, having the legal title, on the 1st day of January, 1853, sold the land to one Parsons, reserving the fence; that Parsons, in consideration thereof, was to make a division fence between him and defendant, and was to pay him fifty dollars, January 1st, 1854, and fifty dollars, January 1st, 1855, with interest; and if the stipulations on the part of Parsons, were not complied with by him, the agreement was to be null and void; that Parsons took possession of the land, and made improvements thereon, alleged to be worth $250; that before completing the same, he abandoned the land, and left the country, indebted to plaintiff, at the time, in the sum of $75, for money and materials used in making the improvements; that about August 1st, 1853, defendant proposed to plaintiff, to compensate him for the money and materials aforesaid, by executing to complainant the written agreement drawn up to be executed to Parsons, and which had never been delivered to him, provided plaintiff would pay defendant the amount that Parsons was to pay for the land, and the additional sum of thirty dollars; which

plaintiff agreed to, and gave defendant his note for the thirty dollars; that defendant thereupon, with a pencil, erased the name of Parsons from the written agreement, and inserted the name of plaintiff, and added a clause to said agreement, extending the time for making the outside fence, to January 1st, 1854, provided defendant's stock might run on the premises; that this writing, thus executed, was delivered to plaintiff, who took possession of the land, and went on to make further improvements, expending some fifty dollars therein; that plaintiff paid defendant the thirty dollars, for which he had given his note, and on the first day of January, 1854, called at defendant's place of business, to pay the sum of fifty dollars then due, but defendant could not be found; at which time plaintiff was ready with the money to pay the fifty dollars and interest; and that at several subsequent times, he called at his place of business, but could not find defendant; that the first time the plaintiff met the defendant after the first of January, which was some time in said month, he offered to pay him the money and interest, and tendered the same, but defendant refused to receive it, alleging that payment should have been made on the 1st day of January, and plaintiff by delay, had forfeited his contract, and defendant meant to take advantage of it. Plaintiff alleges that he subsequently offered, several times, to pay defendant the fifty dollars and interest, but defendant refused to take it; and in May, 1854, plaintiff tendered to defendant the full amount to be paid by plaintiff on the said written agreement for the land, with interest to January 1st, 1855, and demanded a deed of conveyance, which defendant refused to accept, and refused to make the deed. Plaintiff brings the money into court, and prays the specific execution of the contract, alleging the full and complete performance of the contract on his part, and the refusal of defendant to convey.

The answer of defendant admits the agreement as stated by plaintiff, and relies as a defence, upon the fact that plaintiff did not make the fence as agreed upon, and did not make payment upon the first of January, as required by the

agreement. The proof shows that plaintiff had made the fence in April or May, 1854, according to the agreement; that some two or three weeks after the 1st day of January, 1854, he tendered defendant the amount of money and interest due on the 1st day of January, 1854; that defendant refused, on the ground that the time was past when the money should have been paid; that some three weeks afterward, plaintiff tendered the money again, and it was again refused by defendant, who alleged that the time of payment had passed some five or six weeks; that plaintiff then told defendant, that he had been to see him once or twice before, to pay the money, but could not find him; and that this statement defendant did not deny. It is also proved that some short time afterwards, plaintiff tendered the defendant the amount of money and interest due on the agreement, up to January, 1855, when the last payment was due, and demanded a deed of conveyance, which defendant refused. The District Court rendered judgment in favor of plaintiff, from which defendant appeals.

W. E. Leffingwell, for the appellant.

Smith, McKinlay & Poor, for the appellee.

STOCKTON, J.—The judgment in this case must be affirmed. It is unnecessary for us to discuss at any length either the facts or the law, as applicable thereto. It will be sufficient to remark, that plaintiff is shown by the evidence, to have been ready to pay the installment of the purchase money, due on the 1st of January, 1854; that he sought the defendant at his usual place of business, on or about that day, in order to pay him, and did not find him; and that on several days between the first and fifteenth of the month, he was ready and anxious to pay the money, and when he tendered it, about two weeks after the first, defendant refused to receive it, on the ground that the tender was not in due time, and he intended to take advantage of it. Plaintiff then told defendant that he had been ready all the time to pay the

money, and had tried to find the defendant and could not. This is not denied by defendant, and the evidence of the son of defendant shows, that plaintiff called several times and inquired for defendant, and ·he could not be found.    We think the plaintiff has shown himself sufficiently prompt `to perform his part of the contract, and to pay the money; and he is entitled to a specific performance of the contract.

The decree of the District Court is affirmed.