Rowe v. Bowen.

WILLIAM T. ROWE, Plaintiff in Error, *v.* JAMES BOWEN, Defendant in Error.

ERROR TO IROQUOIS.

A trial of right of property, before a sheriff, is not a judicial proceeding.

The verdict against the claimant is an indemnity to the sheriff; but does not conclude the contesting parties, nor does it protect any person who intermeddles with the property.

THE property of the plaintiff, Rowe, was attached by the sheriff of Iroquois county, as the property of other parties.

The plaintiff made a demand of the sheriff in writing, for a trial of right of property in said property attached, and gave security for costs, as required by the statute.

A trial of right of property was had before the sheriff, and the verdict of the jury, filed September 3, 1859, gave a larger portion of the property to the plaintiff.

Both parties entered a motion for an appeal to the Circuit Court, and each party filed an appeal bond.

At February term, 1860, a trial was had in the Circuit Court, and a verdict was rendered for the defendant; and judgment for defendant for costs.

The following errors are assigned:

That there is no such court as sheriff's court known under the constitution.

That all the proceedings had in this cause in the court below were *coram non judice,* and void.

The court below erred in sustaining jurisdiction of said court.

The court below erred in entering judgment against said plaintiff in favor of said defendant, instead of dismissing said pretended suit, such suit having been commenced in a court unconstitutional.

HOSMER & PECK, for Plaintiff in Error.

The sheriff's court was abolished by the new constitution.

Old constitution, sec. 1, article 4, Purple's Stat., p. 37: "The judicial power of this State shall be vested in one Supreme Court, and such inferior courts as the General Assembly shall, from time to time, ordain and establish."

See statute giving trial of right of property before sheriff. Purple's Stat., p. 1026.

The new constitution, article 5, sec. 1, Purple's Stat., p. 57, provides that "The judicial power of this State shall be and is

hereby vested in one Supreme Court, in Circuit Courts, in County Courts, and in justices of the peace."

The trial of the right of property is conclusive between the parties and privies, and can be used as evidence against them in another suit. *Arenz* v. *Reihle et al.*, 1 Scam. 342; *Cassell* v. *Williams*, 12 Ill. 389.

The trial of the right of property has been recognized by the Supreme Court as a trial at law, and the tribunal as a court. *Pearce et al.* v. *Swan*, 1 Scam. 269.

Article 5, sec. 1, of the new constitution, has been construed to deprive mayors of cities of judicial power. *State ex rel.* v. *City of Rockford*, 14 Ill. 420; *Beesman* v. *City of Peoria*, 16 Ill. 484.

Appearance and consent give jurisdiction over the person. *Duncan et al.* v. *Charles*, 4 Scam. 561.

But not over the subject-matter. *Leigh* v. *Mason*, 1 Scam. 249; *Williams et al.* v. *Blankenship et al.*, 12 Ill. 122.

Circuit Court has no original, but only appellate, jurisdiction in the trial of right of property. Purple's Stat. 1026.

If the Circuit Court has original jurisdiction of the subject-matter, upon an appeal, appearance gives the Circuit Court jurisdiction, whether the court below had jurisdiction or not. But it takes nothing by the appeal. *Randolph Co.* v. *Ralls*, 18 Ill. 30; *Allen* v. *Belcher*, 3 Gilm. 594.

But where the Circuit Court has no original, but only appellate, jurisdiction, consent can give none; it must be by appeal, and, to acquire it by appeal, the court below must have original jurisdiction. *Ginn* v. *Rodgers*, 4 Gilm. 131; *Beesman* v. *The City of Peoria*, 16 Ill. 484; *Allen* v. *Belcher*, 3 Gilm. 596.

JOINER, BLADES & FLETCHER, for Defendant in Error.

BREESE, J. We are not of the opinion that the inquiry before a sheriff into the right of parties claiming property, on which he has levied an execution, exalts such inquiry to the dignity of a judicial proceeding, making him, and his jury, a court. Such, we conceive, was not the design of the statute regulating the trial of the right of property before the sheriff,

nor will any fair construction of it give to it that effect. The first statute authorizing such a proceeding was passed in 1821, and amended by subsequent acts, all of which were repealed by the act of January 29, 1827, and which was also repealed by the act of March 3, 1845, the act now under consideration. (Scates' Comp. 1114.) Assuming, as the plaintiff in error does, that this proceeding before the sheriff is a judicial proceeding, and might have a legal existence as such, under the constitution of 1818, the first section of the fourth article of which, providing that the judicial power of the State should be vested in one Supreme Court, and such inferior courts as the General Assembly might, from time to time, ordain and establish. That under the first section of article five, of the new constitution of 1848, which provides that the judicial power shall be vested in a Supreme Court, in Circuit Courts, in County Courts, and in justices of the peace, virtually abolishes every tribunal exercising judicial powers not specified in that section. We have no disposition to question this position, and if it has been or can be established, that the inquest of the jury presided over by the sheriff, makes it a judicial tribunal, there is an end of the case, for such a tribunal is not allowed by the constitution now in force. That instrument has disposed of all the judicial power of the State, by the article cited, and has exhausted the subject; and it follows, necessarily, if judicial power has been conferred upon the sheriff and jury, by the act in question, the act to that extent is void and of no effect.

An examination of the statute satisfies us that no judicial power has been conferred on the sheriff and jury, or attempted to be so conferred.

When a sheriff levies an execution on personal property, claimed by a party other than the defendant in the execution, and he is notified of such claim, he can, if he chooses, disregard the notice and sell the property, incurring thereby all the liabilities flowing from his conduct in an action brought by the true owner or claimant against him for damages. Having no justification or excuse for levying upon and selling property not belonging to the defendant in the execution, he

could not escape a recovery, and, prior to the statute, such actions were quite common, resulting in great losses to sheriffs, and other like officers. Or, on refusal to sell the property levied upon, the plaintiff in the execution might bring his action for damages ; so that the sheriff was between two fires, with no possibility of escape.

To remedy these evils this statute was passed, enabling the sheriff to interpose the verdict of a jury as his justification for selling the property, or restoring it to the claimant, as the verdict might direct. This, and this only, it seems to us, was the object of the statute. It is so expressly enacted by section fourteen : " The verdict of a jury in all cases under this chapter, shall be a complete indemnity to the sheriff or other officers, in proceedings to sell or restore any such property, according to the verdict." The statute, in our judgment, never designed to conclude the parties contesting, for notwithstanding the verdict of the jury, should it be against the claimant, he could bring his action against any party meddling with the property, except the sheriff—as to him, the verdict of the jury is " a complete indemnity," but to no other party. In the inquiry or inquest, the sheriff decides nothing, nor does he, nor does the jury, pronounce any judgment. The jury sign and render a verdict only, and to the effect, that from the facts before them, the property, *prima facie*, belongs to the claimant or to the defendant in the execution, as the case may be, so far as the writ is concerned. An appeal is allowed from the verdict to the Circuit Court, and therefore it is insisted it is a judicial proceeding. Considering the sheriff as the principal party, for whose protection this proceeding is instituted, an appeal from the verdict does not make it a judicial proceeding. In the Circuit Court the question still is a question in which the sheriff has the great interest. An appeal lies in many cases, not growing out of judicial proceedings, as upon assessments of damages by commissioners for roads, or for city improvements. To make a proceeding a judicial proceeding, we think there should be a judgment pronounced, which is not required by this statute.

This is, evidently, the idea of the legislature, for while in

Rowe v. Bowen.

this proceeding had before a sheriff, a verdict of the jury is all that is required, as an indemnity to the officer, in other cases, when a constable officiates, the justice of the peace is required to sit with him, and to enter "judgment" against the unsuccessful party for the costs, and issue execution therefor. Neither of these is required on an inquest of office held by the sheriff for his indemnity. He is, then and there, acting in a ministerial capacity only. *Harrison* v. *Singleton*, 2 Scam. 22.

It is supposed that this court has decided that this trial of the right of property, before the sheriff, concludes all parties, and reference is made to the case of *Arens* v. *Reihle and Bains*, 1 Scam. 340. That case does not, in our judgment, decide any such thing. The reporter, in his synopsis of the case, intimates that it is so decided, but the point was not before the court, and no decision was had upon it. The court decided, it is true, that " the record was not only the best evidence but conclusive," that the property belonged to the defendant in the attachment. As this court said in commenting on this case, in *Cassell* v. *Williams*, 12 Ill. 390, this language must be understood in reference to the case then under consideration, and means no more than that in the case then before the court, it was conclusive as against Arenz, that the property was subject to the attachment.

The case does not decide that the verdict is conclusive evidence against all the world. If it did, we should be disposed to overrule it, as not being in conformity with the evident intent and object of the act, which was briefly to afford "a complete indemnity" to the officer for whatever course he may pursue, on the rendition of the verdict. It has this extent, no more. The law itself is a very convenient and salutary one if properly administered, and is, in our opinion, in no respect in derogation of the constitution.

The judgment must be affirmed.

*Judgment affirmed.*

CATON, C. J., *dissenting*. Although a most convenient institution, I am not quite able to reach the conviction that

9

this proceeding is not judicial. If the finding of the jury protects the sheriff, it must the purchaser under him, and so it is binding, like all other judicial determinations, on parties and privies. It is *res judicata.*