## CAPITAL LUMBERING CO. *v.* HALL.

9    93
27   565
27   571

SHERIFF'S JURY—EFFECT OF VERDICT.

The verdict of a sheriff's jury, adverse to the claimant, under section 284 of the civil code, is a bar to a subsequent action by him against the sheriff for the recovery of the possession of the property claimed.

The doctrine of the decision of *Remdell* v. *Swackhammer*, 8 Or., 502, reviewed and re-affirmed.

APPEAL from Polk. The facts are stated in the opinion.

*R. S. Strahan and J. W. Rayburn,* for appellant.

Where the trial of the right of property before a sheriff's jury is had, and the verdict is against the claimant, he cannot afterwards maintain an action against the sheriff for the recovery of the property, or for damages for taking the same. (*Remdell* v. *Swackhammer*, 8 Oregon, 502; *Storms* v. *Eaton*, 5 Neb., 453; *Patty* v. *Munsfield*, 8 Ohio St., 369; *Ralston* v. *Oursler*, 12 Ohio St., 105; *Jones* v. *Carr*, 16 Ohio St., 420; *Fisher* v. *Gordon*, 8 Mo., 388; *Rowe* v. *Bowen*, 28 Ill., 116; *Commissioners* v. *Wheldon*, 15 Ind., 147.)

*J. A. Stratton and C. B. Moores,* for respondent.

It is a familiar rule that when a law of one state is adopted by another, the courts of the latter will give it that construction which it had already received in the courts of the former. (42 Wis., 454; 43 id., 604; 60 Ill., 114.)

That part of the Oregon statutes relating to the manner of commencing actions, is taken, word for word, from the New York code, and had already been construed in the latter state, and held that, notwithstanding a verdict of a sheriff's jury, the claimant might sue the sheriff. (10 Johns., 98; 15 Johns., 147.) The same doctrine is declared in California, under a similar statute. (*Perkins* v. *Thornburg*, 10 Cal., 189; *Sheldon* v. *Sheldon*, 28 Cal., 123.) A similar rule prevails in Iowa. (3 Iowa, 104 and 586.) Also in Kentucky. (J. J. Marshall, 230.)

Our statute expressly gives a right of action to the claimant, notwithstanding a verdict, for the possession of the property. Such an action cannot be brought against any person other than the sheriff, because he is the only person who can have the possession. (*Richardson* v. *Reed*, 4 Gray, 441; *Grace* v. *Mitchell*, 31 Wis., 533; *Ramsdell* v. *Buswell*, 54 Me., 546.)

By the Court, WATSON, J.:

This action was brought in the circuit court for Polk county, to recover two millions feet of saw logs. The complaint is in the usual form, alleging ownership and the right of immediate possession in plaintiff; the wrongful taking of the property and refusal to deliver possession on demand; the value of the logs is placed at nine thousand dollars; and prayer for judgment in the alternative for the recovery of the possession of the property, or, if not to be had, then for nine thousand dollars, its value, and costs of action.

The answer denies plaintiff's ownership and right of possession; denies the wrongful taking; and denies the value to be over eight thousand dollars.

The answer sets up as a separate defense, that the defendant was, at the time of the alleged wrongful taking, sheriff of Polk county, and that he took the logs under a writ of attachment against the property of one J. L. Smith, issued in an action brought by Connor & Crosno against said Smith, in said court. That afterwards plaintiff claimed the ·property under section 154 of the code; a trial was had before a sheriff's jury, and a verdict was rendered against plaintiff under section 283 and 284 of the code.

All this part of the defense was stricken out of the answer by the court below, on plaintiff's motion. The answer further alleges that at the time of the attachment and taking of said logs into the custody and possession of the defendant, said logs were the property of said J. L. Smith. That on the 15th day of February, 1880—the date of the alleged wrong-

ful seizure by the defendant—the said J. L. Smith was the owner of, and in the actual possession of, the logs above mentioned. This is denied in the reply. The issue thus presented by the pleadings, was tried by a jury and a verdict given for plaintiff, in these words, after stating the title of the cause:

"We the jury in the above entitled action find for the plaintiff, and assess the value of the property respectively at the sum of ($8,000) eight thousand dollars.

"W. S. FRINK, Foreman."

Upon this verdict, the court below, after overruling the defendant's motion for a new trial, and for judgment notwithstanding the verdict, rendered judgment for the plaintiff for the possession of the property, and in the alternative for the value as found by the jury, if delivery could not be had, and costs.

From this judgment defendant has brought this appeal. Numerous errors are assigned in the notice of appeal.

The first is that the court below erred in striking out that portion of the answer, alleging his official character, and the proceedings before the sheriff's jury. As the answer shows a demand for the property, this ruling was not error, unless the proceedings had before the sheriff's jury, as set forth in the portion stricken out, were a bar to the action.

This identical question was decided by this court at the last term, in the case of *Remdell* v. *Swackhammer*, reported in 8th Oregon, page 502, and we there held such proceedings a bar to an action of this character. Upon the suggestion, however, of new authority, and different argument by respondent's counsel, and their frank admission that an adherence to the doctrine of that case, must prove fatal to them here, we concluded to re-examine the grounds of that decision, and with that purpose we have carefully considered the arguments made and the authorities presented by them.

The two principal questions involved are upon the constitu-

tionality and proper construction of our statute providing for trials of the right of property before sheriff's juries.

It is contended by respondent's counsel that if the proceeding before a sheriff's jury is not judicial, it cannot have the effect, in any event, of depriving a claimant of his vested rights of action against the sheriff, arising out of the wrongful taking and detention of the claimant's property; and, if judicial, it is void for repugnance to section 1, article 3, and section 1, article 7, of the state constitution, which provide, in substance, for the division of the powers of government into the legislative, executive and judicial departments; prohibits any one person from exercising any of the functions of more than one department at the same time; and vests the judicial power of the state in certain courts therein specified. They insist that the judicial character of the proceeding is established by giving to it a judicial effect, in divesting vested rights of action which are valuable and to be considered as property. But if the term "judicial effect," as used by respondent's counsel, means only an effect of the same character or kind as ordinarily results from a judgment, we do not consider the proposition a sound one, in law.

It is the exercise of judicial powers in such a proceeding, and not any particular effect which may be attached to it by special statutory provisions, which must determine whether it should be held judicial or not, and thus settle the question of its constitutionality. But judicial power does not depend for its exercise upon the consent of a party. A judicial tribunal may exercise its powers against his consent. Its proceedings are *in mortem*, and its adjudications conclusive upon the rights determined.

In the proceeding before a sheriff's jury, under our statute, the claimant is the moving party. He cannot be compelled to adopt it. His act is purely voluntary. And although his right to the property is the very question passed on by the sheriff's jury, its verdict does not finally determine that right, as it must necessarily do, without any statute declaring

its effect, if it should be considered an adjudication in a judicial proceeding.

Under a statute of Illinois, providing for a trial of the right of property by a sheriff's jury, and for an appeal from their verdict to the circuit court, and declaring that the " verdict of the jury, in all cases, under this chapter, shall be a complete indemnity to the sheriff or other officer, in proceeding to sell or restore any such property according to the verdict," the supreme court of that state, at its April term, 1862, in the case of *Rowe* v. *Bowen*, 28 Ill., 116, held that the verdict against the claimant was a " complete indemnity" to the sheriff, but to no other party, and that the proceeding itself was not judicial.   Caton, C. J., dissented from the view that it was not judicial, and expressed the opinion that if the finding of the jury protected the sheriff, it must the purchaser under him, and so be binding, "like all other judicial determinations, on parties and privies."

Whatever weight his dissenting opinion as to the character of this proceeding, under the statute of Illinois, may justly be deemed to possess, there can be no doubt of the correctness of his conclusion as to the effect it would have if judicial.   A verdict adverse to the claimant would determine his right to the property finally and absolutely, like the judgment of a court of competent jurisdiction.

In no state from which any authority has been cited, has this proceeding ever been held judicial, or unconstitutional, or as possessing any other or different effect than that prescribed by the statute providing for it.

But the learned counsel for the respondent insist that in Ohio the proceeding is judicial, because, after the notice to the sheriff, the rest of it is had before a justice of the peace. But we conceive this circumstance does not affect the essential character of the proceeding.   Under the decisions of the supreme court of that state, the effect of the proceeding is not like that of a competent court, conclusive as to the right of property, and the sheriff is indemnified no further than

the statute of that state intended he should be under the con-
struction given it by that court.

And this principle of giving to the final determination of
this proceeding to try the right of property, no effect what-
ever, simply as an adjudication, but all the effect which the
statute providing it, declared it should have, has been adopted
in every decision to which we have been cited, whether the
proceeding was had before the sheriff or other ministerial
officer, or before a justice of the peace or other judicial tri-
bunal. Besides, a justice of the peace was not a judicial
officer at common law, and his investment with additional
powers by statutory or constitutional provision, affords no
presumption of their judicial character.

We are still at a loss to perceive any material distinction
in the different modes provided for this proceeding in our
own statute and the statutes of other states, which have been
referred to. In neither of the cases of *Rowe* v. *Bowen*, 28
Ill., 116, or *Schrœder* v. *Clark*, 18 Mo., 184, was the proceed-
ing had before a justice of the peace. In the former, the ques-
tion as to its judicial character was discussed, and the opinion
of the majority of the court, as we have already seen, was
declared against the proposition. The mere fact that Chief
Justice Caton dissented from the majority opinion, on this
identical question, would indicate that it had been discussed
to some extent at least. And in the latter case the proceed-
ing was had before the constable who had seized the property,
without the intervention of a justice of the peace or other
judicial officer.

That the provision in the statute for holding such a pro-
ceeding before a judicial officer does not impart to it a dif-
ferent character than it would otherwise have when had before
the sheriff or other ministerial officer, but the effect of the
proceeding, in either case depends on the intention of the
legislature, solely, as it can be collected from the statute itself,
is apparent from an examination of the authorities cited.
This proposition is fully sustained by the authorities most

relied upon by respondent's counsel themselves, as we shall see further on.

But it is claimed by respondent's counsel that the determination in this form of proceeding cannot be held to possess such an effect as to take away the claimant's right of action for the wrongful taking and detention of his property by the sheriff, even though the legislature so intended.

The supreme court of Ohio, in 1866, in *Jones* v. *Carr*, 16 Ohio St., 425, upon a general review of the decisions in that state, upon the subject, thus expresses its views on this proposition:

" In several cases which have come before this court, and its predecessor under the former constitution, and which involved a construction of the statute now under consideration, or of prior statutes containing substantially the same provisions, the objection that the immunity given to the officer, as a result of this summary proceeding (which concludes the rights of none of the parties in other respects) is inconsistent with the constitutional rights of the claimant, has been repeatedly considered, and has never received but one answer. That answer has invariably been that in such a trial of the right of property, the claimant was a voluntary actor, and that having chosen to avail himself of this summary and cumulative remedy, instead of resorting at once to his common law remedy, he has no right to complain if he is subjected to all the conditions upon which the statute affords the remedy which he has chosen."

This principle, apart from the high authority announcing it, seems to us to be intrinsically sound and just, and fully supported by the analogies of law, in other cases of election between different legal remedies. A party having a right of action as in this case, may have an election of several remedies. But he will not be allowed to pursue them all, although no single one of them will enable him to reap all the advantages from his course of action, which a resort to all such

remedies would bring him. When he deliberately chooses one he waves the right to pursue the others.

In this case, before taking this proceeding before the sheriff's jury, the plaintiff might have maintained his action for damages against the sheriff for the original wrongful taking, which would have included the value of the property at that time, with legal interest, at least; or, waiving that tort, have brought his action for damages for the conversion of the property, and under some circumstances have recovered a greater amount; or have brought this action to recover possession of the property, with or without damages for its detention; but an election of one would have been a waiver of the others.

Now, if the legislature has provided this summary remedy by claim and trial before a sheriff's jury, as a substitute for the action to recover the possession of personal property, and declared in substance that if the plaintiff elects to litigate his right to the possession as against the sheriff, in this form of proceeding, he shall not afterwards, if the decision is adverse to him, resort to any of his original remedies against the sheriff, we can perceive no sound reason why he should not be deemed to have waived all other remedies, and be held bound by the result, and subjected to all the conditions of the statute, whether for his benefit or disadvantage. We think the only real difficulty in the case, is to reach a proper construction of our statute.

The learned counsel for respondent claim that this statute was borrowed from New York, and that it had previously received a construction in the highest courts of that state, different to that given it by this court in *Remdell* v. *Swackhammer*, 8 Oregon, 502, and cite 10 Johns., 98; 15 Id., 147, and 4 Wait's Practice, 58, as showing such previous construction. But not having been able to find any trace of the existence of such a statute as ours among the statutes of that state, at any period, or of any other statute on this subject, making any change whatever in the common law rule, in

regard to the effect of such a proceeding as we are now considering, and the authorities cited not referring to any statute, but evidently proceeding on the common law doctrine, solely, we are compelled to conclude that the counsel have been misled in the premises, and that their deductions from them, otherwise entitled to great weight, are not applicable here.

They also cite 10 Cal., 189, and 38 Id., 123; the latter merely following the former.   In the former case, the supreme court of California, upon a statute seemingly to the same effect as that construed in *Patty* v. *Mansfield*, 8 Ohio, 369, adopting a different rule of construction, reached a widely different result as to the effect of this proceeding, but it holds unequivocally that the effect the proceeding should have, depended altogether on the intention of the statute.   The court says, in the course of the opinion, " it will be seen that the code itself states the effect of the verdict, in favor of the claimant. It also states the effect of the verdict if against the claimant, *as to costs.*   When a statute assumes to specify the effect of a certain provision, we must presume that all the effects intended by the law maker are stated."   In the case of *Patty* v. *Mansfield*, 8 Ohio, 369, the supreme court of Ohio went beyond the literal words of the statute. and in order to accomplish what it held was one of its principal objects—the protection of the officer—construed certain effects to be within its intent and spirit, which were not expressed.

If the protection of the officer was one of the principal objects of the Ohio statute, the rule of construction adopted by the court in this latter case, was not untenable.   But neither statute is like the one we are considering, in some important particulars, as we shall see.

The case of *Chism* v. *Russell*, 2 Blackf., 172, was evidently decided upon common law principles and authorities, without reference or regard to any statute.

In the later case of *Limpus* v. *The State*, decided by the same court, the identical statutory provisions which respondent's

counsel claim existed and were construed, in the former case, were considered by the court and held to have the effect which they purported. The court say:

"The statute is express that the judgment, in case of such trial of the right of property, is conclusive while unreversed, as to any party who had had personal notice of the trial, and as the statute requires in such case the execution plaintiff and the officer (the present parties) should have notice of the suit, it must be presumed that they had such notice."

In the case of *Morrill* v. *Miller*, 3 Iowa, 104, it does not appear what effect the proceeding would have had but for the proviso, which the court there construes to preserve the claimant's right to resort to his original remedies, notwithstanding an adverse determination in this proceeding. This proviso is in these words: "Provided, that nothing herein shall be construed to prevent the claimant of property taken as aforesaid from seeking his remedy in an action of replevin, detinue, trespass, or trover." The court, however, cited another section as being *in pari materia*, and aiding in the construction, which provided, "That when property attached is claimed by some person other than the defendant, the right shall be tried by a jury in the manner prescribed, where property taken on execution is claimed by some stranger to the suit, but the verdict on such trial shall not be conclusive against either of the parties, and that the same proceedings may be instituted to obtain the property, or compensation therefor, as though the trial provided had not taken place."

It also cites *Chism* v. *Russell*, 2 Blackf., 172, as putting the same construction on the Indiana statute as that claimed by respondent's counsel, in regard to which, as we have already intimated, we apprehend there is some mistake. It concludes its opinion, however, thus: "The statute affords every opportunity for a full and fair hearing of the claimant's rights to the property. Aside, then, from the manifest intention of the legislature and the authorities on the subject,

we should be at a loss for a good reason for granting a claimant a second action and a second day in court to determine the same subject matter. But legislative intention and the authorities must prevail; and hence we are of the opinion that the trial provided by statute in cases like the present, is no bar to an action of replevin for the same property." The trial in this case was had before the district court, and judgment was rendered on the verdict.

The passage quoted from the opinion of the supreme court indicates very plainly that but for this proviso, the court would have held such trial and judgment conclusive as a final adjudication upon the right to the property, binding upon all parties. The action itself does not appear from the meagre statement of facts accompanying the decision, to have been against the sheriff at all, and was most probably against purchasers at sheriff's sale. No question of indemnity to the officer was considered in the decision, and there is nothing in the case to indicate that any such question was before the court. If the statute upon which it was made, made no provision for the protection of the sheriff, if no question of this kind was considered, then we cannot see how the case can be deemed in point.

But at all events the court was governed entirely by what it conceived the intention of the legislature to be.

The last case cited by respondent's counsel, which we deem it necessary to consider, is that of *Phillips and Walker* v. *Harris*, 3 J. J. Marshall (Ky.), 127. This was a case where the proceeding to try the right of property was had before a sheriff's jury, without the intervention of any judicial officer. The mode of proceeding was substantially like our own. There can be no shadow of a pretense that it was judicial. The Kentucky statute declares that " should the claimant not succeed in establishing the property to be his, the sheriff or other officer, as the case may be, shall sell the property and not be liable to any suit on account of such sale."

The supreme court of that state held that in the event of the verdict of the jury being adverse to the claimant, or of the jury failing to agree (which latter was the fact in that case), the sheriff was only indemnified as to the *act of sale*, because the legislature only intended to afford him that measure of protection. That after a sale of the property under the process, the plaintiff could not recover its value, against the sheriff, in any form of action, but he could still recover damages for the unlawful taking and detention up to the time of sale; or, at any time before sale, although, after the verdict of the sheriff's jury, he could replevin the property.

This case then fully supports the principle that the verdict of the sheriff's jury, although not of a judicial nature, should have whatever effect the legislature intended it should have; and, further, that such verdict may have the effect of divesting a vested right of action. For, previous to commencing the proceeding before a sheriff's jury, the plaintiff in that case had a vested right of action against the sheriff on account of the original wrongful taking, for damages, including the full value of the property taken. That right would have remained to him even after the sale by the sheriff, if the proceeding before, and verdict of, the sheriff's jury had not intervened. By that proceeding, and in the contingency of the sale of property, he would lose this right—his chief right—of action in the case.

If he could be divested of this principal right in this manner, why not of the much less important ones which remained if the statute should be held broad enough to cover them, also?

This decision was rendered in 1829. In 1853, the supreme court of Missouri, in the case of *Schrœder* v. *Clark* (18 Mo., 184), on substantially the same kind of a statutory provision, describing the effect of the same identical proceeding, held that after the verdict of a constable's jury, adverse to the claimant, he could not maintain any action against the sheriff. The portion of the statute, on which this decision is made, is as follows: " If the jury find the goods and chattels to be

the property of the defendant in the execution, the verdict as against the claimant shall justify the officer in selling such goods and chattels." The court, in the course of its decision, says: "By claiming a trial of the right of property, and having it found against them, they waived their action against the officer."

Now, as the manifest object of the statute in such case was the protection of the officer, against the claimant, after a determination adverse to his claim of property, it would seem that the construction should be adopted, if permissible at all, which would be best calculated to effect that object. In this view it is not difficult to determine that the rule adopted by the supreme court of Missouri, in the case cited, is the better one, and in fact the only one that can afford the officer any practical indemnity against the claimant. Under the decision of the supreme court of Kentucky, the great object of the statute is defeated. By a strict adherence to a literal construction, in the latter case, the legislature is made to appear guilty of the glaring inconsistency of requiring the sheriff to sell the property, after a verdict adverse to the claimant, and protecting him as to the act of sale, but in the meantime leaving him exposed to annoying and injurious litigation for doing the very thing he is required to do, and at all events liable to the claimant for the damage occasioned by the necessary detention of the property until a legal sale can be effected.

Secs. 283 and 284 of the civil code contain the provisions of our statute on the subject. The first section provides for the commencement of the proceeding, by the plaintiff giving the sheriff written notice of his claim. The sheriff then summons a jury, to try the right of property, of six persons qualified as jurors, between the parties, and gives five days' notice of the time and place of trial to the plaintiff in the process, or his attorney. The sheriff is empowered and directed to subpœna witnesses at the request of either party, compel them to attend and give testimony, and administer the necessary oaths to jurors and witnesses. The effect of the de-

8

cision is declared in these words, in section 284: " On the trial the defendant and the claimant may be examined by the plaintiff as witnesses, and the verdict of such jury being rendered in writing, and signed by the foreman, shall be a full indemnity to the sheriff proceeding in accordance therewith, but shall not preclude the claimant from maintaining an action at law for the recovery of the possession of such property, or for damages for taking the same."

Here there can be no question but that the legislature intended some protection for the sheriff as against the claimant, and, as we have seen, the legislative intention must govern when it can be ascertained. All the cases we have considered go this far. The statute itself declares that he shall be *fully indemnified* while proceeding in accordance with the verdict. This just as fairly includes the necessary possession and detention of the property after the verdict, until the sale, as it does the act of sale itself. If it is good for any part of the proceedings in accordance with the verdict, it is good for the whole. They are all equally within the words of the statute, as well as within its obvious purpose.

But it is contended that the subsequent clauses preserve the plaintiff's right of action against the sheriff, notwithstanding an adverse determination of the proceeding before the sheriff's jury. It is claimed that the language of these clauses can only be referred to the claimant's original remedies against the sheriff, and that they can be so construed and yet leave the sheriff a limited indemnity against the claimant. But if the plaintiff in the process directed the levy, he was a trespasser equally with the sheriff, and an action for damages for the wrongful taking would lie against him; while an action for the recovery of the possession of the property would lie against the purchaser of claimant's property at sheriff's sale, under an execution against a third person.

The language of the statute is susceptible of such an application, and it is not altogether improbable that the legislature intended it should do so, to avoid any doubt as to the

claimant's right to prosecute his remedies against such parties, notwithstanding his right to the property might seem to have been finally determined by the verdict of the sheriff's jury. We do not see that a provision of this nature, added for such a purpose, would necessarily evince any unusual or needless caution on the part of the legislature. The effect of such a proceeding on the ultimate right of the claimant to the property had been mooted, and we even find Chief Justice Caton, of the supreme court of Illinois, entertaining the opinion that such a determination was a final adjudication of the right of property, binding on both parties and privies (*Rowe* v. *Brown*, supra).

And it ought not to be wondered at if the legislature, adopting new provisions on the subject, evidently designed to afford a greater degree of protection to the officer, should, out of greater caution, add saving clauses, which, upon strict legal principles, might not be held absolutely necessary. But if these clauses cannot be so applied, and must be held to relate to the claimant's remedies against the sheriff, it is quite certain that they will, if upheld, take away all the effect of the statute as an indemnity to the sheriff against the claimant.

It was suggested on the argument that the "action for damages for taking the same" would only entitle the claimant to recover nominal damage for the taking and actual damage for the subsequent detention after the verdict of the sheriff's jury. But damage for any detention is not mentioned, nor can damages for the original unlawful taking be set down to nominal damage.

As we understand it, the measure of damage for a wrongful taking, always includes the value of the property taken, and we can conceive of no sound reason for construing the words used in this statute to have any different signification.

Now these clauses, thus construed, and held valid, reserve to the claimant every right in action, and every remedy he ever had against the officer, and effectually destroy the full indemnity against the claimant, which the first part of the section

declares he shall have. These clauses appear in the body of the enactment, and under the construction contended for, must render that portion of the enactment which previously gives the sheriff a full indemnity against the claimant, void, or be held void itself. Where a saving clause would take away all the effect of the previous enactment, it must be held void, in order to give the statute some effect. For it will not be admitted that the legislature intended the act should have no effect (Potters Dwarris on Statutes, 117; Sedgwick on Statutory and Constitutional Law, 61).

The same rule must apply where, in a previous part of the enactment, a distinct and particular provision is made and a subsequent clause purports to take away all its effect and render it nugatory. The subsequent clause, if susceptible of no other application, must be held void, so that the provision may have some effect.

But we have chosen to give the statute such a construction as prevented the necessity of declaring any portion of it void. We thought, and still think, the language of the act will bear it, and that such is the proper construction.

After a careful, and as we feel, a candid and impartial re-examination of our former decision, in the case of *Remdell* v. *Swackhammer*, above cited, in the light of the additional authorities produced, and the very able argument of respondent's counsel, we have not been able to arrive at a different conclusion as to the law governing such cases, and feel compelled to stand by the principles of that decision.

As this point is fatal to respondent on this appeal it is not necessary to consider any of the other points raised in the case.

The judgment of the court below is reversed, with costs, and the cause is remanded for further proceedings in accordance with the views above expressed.

Judgment reversed.